ALBANY,
January, 1816.

BENNET
v.
JENKINS.

BENNET *against* JENKINS AND OTHERS, *executors of* JENKINS.

*In an action of covenant by a grantee, who has been evicted, on the covenants in his deed, the damages which he is entitled to recover, are the consideration money, with interest for such time as he is liable for the mesne profits, and the costs of the ejectment suit against him.*

THIS was an action of covenant, on the covenants contained in a deed of bargain and sale, and was tried at the Columbia circuit, in 1814, before Mr. J. *Van Ness*.

The deed, on the covenants in which the action was brought, was executed on the 1st of *March*, 1799, by the testator to the plaintiff, and contained the usual full covenants.

On the 1st of *March*, 1787, the testator conveyed the lot in question to one *Coffin*, who subsequently, and before the above-mentioned deed to the plaintiff, reconveyed it to the testator, having, however, in the mean time, mortgaged it to the loan officers of *Columbia* county. The plaintiff was evicted under a judgment and execution in ejectment, at the suit of *Jackson*, on the demise of *Powers*, who derived his title from the loan officers of *Columbia* county, of which suit the defendants had notice. The jury, under the direction of the judge, found a verdict for the plaintiff for the consideration money, six years' interest, and the costs of the ejectment suit. It was admitted that the plaintiff had erected a valuable brick house on the premises, and that the highest measure of damages would not compensate him for his loss : a case was made, stating the above facts, subject to the opinion of the court on the question as to the rule of damages.

*E. Williams*, for the plaintiff, contended that the plaintiff was entitled to the value of the premises, at the time of eviction, in the same manner as if it had been an action on the case against the testator, the grantor knowing, at the time of the conveyance, the defect in his title, in which case the court, in *Pitcher* v. *Livingston*,[*] intimated, that in an action grounded on the fraud or deceit, the plaintiff would recover the full extent of his loss. He claimed, also, interest from the date of the deed.

*Van Buren*, contra. He cited 3 *Caines*, 111., and 9 *Johns. Rep.* 324.

[*] 4 *Johns. Rep.* 1 —12.

*Per Curiam.* The question submitted to the consideration of the court, in this case, is, to ascertain the rule or principle

upon which the damages are to be estimated. The action is covenant upon a deed, given by the testator to the plaintiff, dated the 1st of *March*, 1799, containing, as stated in the case, full covenants. The testimony shows a breach of the covenants of seisin, and for quiet enjoyment.

According to the principles heretofore established in this court, it is clear that neither the increased value of the land, nor any improvements made thereon, are to be taken into consideration. (3 *Caines*, 111. 4 *Johns. Rep.* 1.) It is also settled by these cases, that the consideration money, and the costs of the ejectment against the grantee, are recoverable. The only point which seems to be in any measure undecided, is, as to the time for which interest upon the consideration is to be recovered, and even as to that, the rule is easily inferred from what is said by the court in those cases. The allowance of interest is to countervail the claim for *mesne profits*, to which the grantee is liable. And, in the case of *Staats* v. *Executors of Ten Eyck*, it is said the interest ought to be commensurate, in point of time, with the *legal claim* to mesne profits. In the case of *Caulkin, executor, &c.* v. *Harris*, (9 *Johns. Rep.* 324.,) six years' interest only was allowed, although the grantee had been in the enjoyment of the land, and taken the mesne profits for fifteen years. The reason why no more interest was allowed, doubtless, was because the grantee might protect himself against a recovery for mesne profits for any greater length of time. The time of the eviction, in the case now before us, or how long the plaintiff had been in the enjoyment of the land, does not explicitly appear. The judgment must, however, be for the consideration money paid, and the interest thereon, from the date of the deed from the loan officers to *Powers*, provided it does not exceed six years, together with the costs of the ejectment suit against the plaintiff.

*Judgment for the plaintiff accordingly.*