ALEXANDER COOLIDGE *vs.* NICHOLAS H. BRIGHAM.

A. agreed to deliver to B., in part payment of a debt, the note of W. indorsed by two other persons, and afterwards wrote to B. this letter — "I enclose you the note of W.'s, indorsed as proposed, which you will please pass to my credit." *Held* that this was a warranty that the indorsements on the note enclosed in the letter were genuine.

Where a defendant is served with notice to produce his books on the trial, and he refuses so to do, his pass books, containing an account of his dealings with the plaintiff, in which the entries were made by two of his clerks, and were always open to his inspection, are admissible in evidence against him, on the testimony of one of the clerks that the entries, therein made by himself, were accurate, and on proof that the other clerk is not within the jurisdiction of the court.

In an action for the breach of a warranty that the signature of an indorser on a note transferred to the plaintiff by the defendant was genuine, the plaintiff is entitled to recover, as part of his damages, the costs incurred by him in an unsuccessful suit against the supposed indorser, if the plaintiff commenced such suit in good faith, not knowing that such signature was forged, and gave the warrantor seasonable notice of the pendency of the suit, and requested him to furnish evidence of the genuineness of the signature.

IN an action of assumpsit the plaintiff alleged that the defendant, on the 28th of April 1837, was indebted to him in the sum of $ 500 for goods sold ; that the defendant, in consideration that the plaintiff would receive, in part payment for said goods, a note for $ 306, dated Feb. 16th 1837, signed by G. C. Whitney and payable to G. Whitney or order, in four months, and indorsed by the payee and by D. M. Whitney, promised the plaintiff that the signatures of said indorsers were genuine, and that the plaintiff, relying on the aforesaid promise, received said note and passed the same to the defendant's credit, in part payment for said goods , yet that said signatures were not genuine, but were forged.   The trial was before *Putnam*, J. who made the following report thereof:

The plaintiff, to prove that the defendant was indebted to him, as alleged, called J. Brown as a witness, who testified that he was, and ever since 1837 had been, a clerk of the defendant, and that he and one Lamb, who was also a clerk of the defendant, but was then in Alabama, kept the defendant's books ; that two books, which the plaintiff put into the hands of the witness, were the defendant's pass books, and contained an account

of the dealings between the plaintiff and defendant, both debt and credit ; that they were made up at the defendant's store in Boston, and that the defendant always had access to them ; that all the entries therein were in the handwriting of the witness or of said Lamb, except the credit to the defendant of the note in question ; and that the entries made by the witness were correct.

The defendant objected to the admission of these books in evidence, because said Lamb was not called to verify the entries made by him, and because it did not appear that the defendant had ever seen or approved of said entries. But as it appeared that notice had been duly given to the defendant to produce his books, and that he had refused so to do, and that said books were kept by his clerks, at his store and subject to his inspection, the judge overruled the objection and admitted the books in evidence. By these books it appeared that the defendant was indebted to the plaintiff, on the 28th of April 1837, in a sum exceeding $306.

The plaintiff then produced a letter in the defendant's handwriting, directed to ' Mr. Alexander Coolidge, Natick,' in these words : " Boston, April 28, 1837. Mr. A. Coolidge. Dear Sir. I enclose you the note of Whitney's, indorsed as proposed, which you will please pass to my credit, and acknowledge the receipt of the same. You will please not let Whitney know you have it. Yours, N. H. Brigham." The plaintiff also produced a note corresponding to the one described in his declaration, and called D. M. Whitney, who testified that the indorsement of his name on said note was a forgery. He further testified that on the day before the trial of an action which the plaintiff brought against him as indorser of said note, viz. November 23d 1838, he called with the plaintiff at the defendant's store in Boston, and that the plaintiff then told the defendant he was going to have a trial with Whitney on that note, and wished the defendant to furnish any evidence which he had to prove the note genuine, for he (the plaintiff) could find none. The witness further testified that something was said, at that time, about a prior written notice from the plaintiff to the defendant.

The plaintiff also called G. Whitney, who testified that the indorsement of his name on said note was a forgery.

Evidence was also given by the plaintiff of a notarial record of the protest of said note for non-payment at maturity by the maker, and notices to the said supposed indorsers.

It appeared that the plaintiff, on the 12th of July 1838, commenced an action on said note, against D. M. Whitney as indorser, which was tried in this court on the 24th of November following, and that a verdict was returned for the defendant in that suit, and that the plaintiff paid to said defendant the costs of that suit, amounting to $74.38; which sum the plaintiff claimed of the present defendant as part of the damages for breach of the warranty set forth in his declaration in this action He also claimed of the defendant the notary's fees for the protest aforesaid.

There was much evidence, on both sides, as to the ability of G. C. Whitney, the maker of said note, to pay it at maturity, and as to his general credit and responsibility at and about that time.

The defendant contended that there was no evidence of any warranty; that all the evidence thereof was in the defendant's letter aforesaid, and that it did not appear that the note in question was in that letter. And the jury were instructed, that unless they were satisfied that the note produced by the plaintiff was the note sent by the defendant to him in that letter, their verdict should be for the defendant; that if it was the note thus sent in said letter, the letter was a warranty by the defendant of the genuineness of the signatures on the note; and that if the jury were satisfied that the names of the indorsers were forged, the plaintiff was entitled to a verdict, unless there were some other objections to his right to recover.

The defendant also contended that the plaintiff had lost the debt by his own negligence in not enforcing the collection of it, in a reasonable time, against G. C. Whitney, the maker of the note. And the jury were instructed to return a verdict for the defendant, if they were satisfied that the plaintiff had lost the debt by his own negligence.

The defendant objected, that if he were subject to any damages, yet that the costs of the plaintiff's suit aforesaid against D. M. Whitney ought not to be allowed as a part of the damages. Upon this point, the jury were instructed, that if that suit was commenced in good faith and without a knowledge of the forgery, and if the plaintiff gave the defendant seasonable notice of the pendency of the suit, and requested him to furnish evidence of the genuineness of the indorsements — giving to the defendant a reasonable time for that purpose — and the defendant neglected or omitted so to do, then the plaintiff might recover the costs of that suit as a part of the damages caused by a breach of the warranty.

The jury found a verdict for the plaintiff. It was made up as follows : For the note $306 ; interest $86 ; protest $3 ; costs of the former suit $74.38 ; whole amount $469.38.

" If the instructions, as to the plaintiff's right to recover the costs of his suit against D. M. Whitney, were erroneous, the verdict is to be amended by deducting therefrom $74.38, and the plaintiff is to have judgment on the verdict thus amended, provided the jury were rightly instructed as to other matters ; but if any of the rulings or instructions on the other points were erroneous, the verdict is to be set aside and a new trial granted. And if there were no ruling or instructions incorrect, which were prejudicial to the case of the defendant, the judgment is to be rendered for the whole amount of the verdict."

*Brigham*, for the defendant.

*Buttrick*, for the plaintiff.

WILDE, J. The principal question in this case was fully considered and decided at a former hearing. 1 Met. 547. It was then decided that the letter from the defendant to the plaintiff amounted to a warranty that the note enclosed was " indorsed as proposed," or in other words, that it was indorsed as it purported to be. On this point the instructions to the jury were in conformity to that decision, and were, we think, unquestionably correct.

The only questions now to be considered are, 1st. whether the ruling of the court was correct in admitting the evidence to

prove the state of the account current between the parties ; and 2d. whether the jury were rightly instructed as to the rule of damages. As to the first question, it is objected that the pass books, containing an account of the dealings between the parties, ought not to have been admitted in evidence, because some of the items were not verified by the clerk who made the entries. But as these entries were proved to have been made by the defendant's clerks, he having access to them, and that one of the clerks was out of the Commonwealth, and that the defendant refused to produce his books, we think the evidence was competent. These pass books are entitled to equal credit with the defendant's other books of accounts, and must be presumed to be true transcripts from those books, unless the contrary can be proved by the defendant.

As to the other question, we are of opinion that the instructions to the jury, as to the rule of damages, were correct. In pursuance of these instructions, the jury must have found that the suit against D. M. Whitney was commenced by the plaintiff in good faith, and without knowledge of the forgery, and that the plaintiff gave seasonable notice to the defendant of the pendency of that suit, requesting him to furnish evidence of the genuineness of the indorsements. Under these circumstances, we are not aware of any rule of law by which we are authorized to disallow the costs recovered against the plaintiff in that suit, as part of the plaintiff's actual damages. On the contrary, we think the rule established in actions of covenant for a breach of the covenant of warranty in the conveyance of real estate must govern the present case. In such cases, the covenantor is held responsible, after an eviction, for the costs of suit attending the eviction, because he is bound to protect the covenantee in defending the title warranted. *Swett* v. *Patrick*, 3 Fairf. 9. *Staats* v. *Ten Eyck*, 3 Caines, 115. *Bennet* v. *Jenkins*, 13 Johns. 50. And we perceive no distinction, in reason, between such a covenant of warranty and a warranty on a sale of personal property. Nor do the authorities support such a distinction. On the contrary, it was held, in *Lewis* v. *Peake*, 7 Taunt. 153, and 2 Marsh. 431, that where the buyer of a horse with

warranty resells him with warranty, and, being sued thereon, offers the defence to his vendor, who gives no direction as to the action, the buyer, after unsuccessfully defending that action, is entitled to recover the costs thereof from his vendor, as part of the damages occasioned by his breach of warranty. The same doctrine was also held in *Blasdale* v. *Babcock*, 1 Johns. 517.

Another objection was made, at the argument, to the assessment of damages, which however was not made at the trial, and respecting which no instructions were given. This objection, therefore, cannot be now considered. The objection is, that the value of the note in question ought to have been estimated by the jury, and the amount deducted from the amount due on the note. This undoubtedly would have been done, if the defendant's counsel had requested it. But the defendant will suffer no damage from the omission, as he is now entitled to the note ; and if the plaintiff should refuse to deliver it to him, he will be liable to an action for the value.

*Judgment on the verdict.*