DAVIS VS. HENDERSON, impleaded with another.

In an action by a vendor of lands to enforce an equitable lien upon them for the unpaid purchase money, it appeared from the complaint that a part of the premises were school lands, of which the plaintiff held certificates at the time of his agreement to sell, and that for these he was to procure patents, and thereupon execute to the defendant, by a certain day, or when he should thereafter be requested, "a good and sufficient conveyance" for the whole. The complaint alleged that the plaintiff had performed this agreement by having, on &c., at the request of the defendant, executed and delivered to him a good and sufficient warranty deed, with the usual covenants of warranty and seizin; and that at the time of such delivery the defendant again promised to execute the mortgage then to be given. *Held*, on demurrer, that this was a sufficient averment of performance.

On an agreement by the vendor of lands to execute a "good and sufficient conveyance," the purchaser may demand a clear title, as well as that it be assured to him by proper covenants.

From the facts stated in the complaint, it must be presumed, upon demurrer, that the patents were produced, and satisfactory evidence of title given, upon the delivery of the deed, or that the defendant waived all investigation of the title, and relied upon the covenants.

If the plaintiff had no title, that fact may be shown in defense.

APPEAL from the Circuit Court for *Bad Ax* County.

Action against *Helen Henderson* and *John Henderson* to enforce an equitable lien for the purchase money of land. The case is stated by the court. The complaint states that the deed which the plaintiff agreed to execute was to be made in the name of *John Henderson* as grantee. The demurrer was filed and appeal taken by *Helen Henderson*.

*Bierce & Layne* and *Smith & Keyes*, for appellant, cited *Hatch*

*vs. Peet*, 23 Barb., 575, and *Smith vs. Brown*, 17 id., 431.

*Terhune & Graham* and *J. H. Carpenter*, for respondent.

*By the Court*, DIXON, C. J.    Appeal from an order overruling a demurrer to the complaint, that it does not state facts sufficient to constitute a cause of action.   The action is to enforce an equitable lien in favor of the plaintiff as vendor of certain lands in the county of Bad Ax; and the only question made upon the demurrer is as to the performance of an executory agreement for the sale of the lands, made and delivered by the plaintiff to the defendant *John Henderson*, as agent of the defendant *Helen*.   The performance of this agreement constitutes the foundation of the action.    It seems that in May, 1856, the plaintiff was the owner in fee of certain lands in that county, which, for the purposes of the complaint, are designated as *government lands*, and the holder of school land certificates for certain other lands designated as *state lands*, all of which he bargained and sold to the defendant *John*, as agent for the defendant *Helen*, at an agreed price for the whole.   For the state lands it was understood that the plaintiff should procure patents from the state before executing the deed, and in the meantime he was to enter into written obligation " to make, execute and deliver, on or before the first day of August, A. D. 1856, or when he should thereafter be requested, a good and sufficient conveyance in the law in fee simple."    The averment in writing was duly executed and delivered.  · The agreement of performance is in these words : " And this plaintiff further shows that he has faithfully kept and performed the terms of the said agreement on his part, by having, with *Sarah Davis*, his wife, on the sixteenth· day of September, 1856, upon the request of the said *John Henderson*, acting as agent aforesaid, made, executed, acknowledged and delivered to him, in his name, a good and sufficient warranty deed in fee simple, with the usual covenants of warranty and seizin of, in and to the land hereinbefore described as

state land; and at the time of the execution and delivery of the same, the defendant *John Henderson* again expressly promised and agreed, in consideration of the said agreement and of the delivery of the said deed to him * * * to execute and deliver the mortgage then to be given."

This we think a sufficient averment of performance. The objection taken is, that it is not alleged that the plaintiff had procured the patents from the state. The agreement did not in terms require this, though such was its undoubted legal effect, as also the verbal understanding of the parties. It seems to be well settled that upon such an agreement the purchaser is entitled to demand a clear title, as well as that it be assured to him by proper covenants. Rawle on Cov. for Title, 562–3, and notes; *Goddin v. Vaughn*, 14 Gratt., 102. Had the defendant *John* refused the conveyance because the patents were not exhibited, or a clear title not shown, a very different question would have been presented. But he did not. He accepted it. It was made at his request, and upon his promise to secure the purchase money as had been previously stipulated. It must be presumed, from these facts, that the patents were produced, and satisfactory evidence of title given, or else that all investigation of title was waived, the agent choosing to rely on the covenants. In either case, the defendants are precluded from refusing performance on their part. If the plaintiff had no title, and nothing passed by the deed, those are facts which may be shown in defense; but the complaint undisputed shows a good cause of action.

Order affirmed.