O'BRIEN and FOLLETT, JJ., concurred.

Judgment affirmed, with costs.

SIMON DOCTER, Respondent, *v.* WILLIAM A. DARLING, Appellant.

*Building restrictions, an incumbrance upon land — damages therefor, under a covenant against incumbrances — measure of damages.*

The owner of certain premises in New York city, who had acquired the property by an unrestricted warranty deed, containing a covenant against incumbrances, contracted to sell it unrestricted for a certain price, but the vendee having discovered in the owner's chain of title a deed creating restrictions as to the character of buildings to be erected on the land, refused to complete the purchase.

The owner thereafter found a purchaser for the property as restricted, and thereupon sold it subject to the restrictions for a less sum than on the unrestricted sale, and then sued his grantor for damages and recovered.

*Held*, on appeal, that the jury having found that the restrictions upon the land diminished its value, such restrictions were incumbrances within the meaning of the covenant against incumbrances;

That oral evidence, offered by the defendant to show that the plaintiff knew of the limitation upon the right to use the premises when he took his deed, was properly rejected;

That it was not error to refuse to permit the defendant to show, as a defense to the action, that the use to which property in the neighborhood was put had so changed that a court of equity would not restrain the owner of the lot from using it for the prohibited purposes;

That the case not being one of total eviction, but only of a partial restriction upon full enjoyment, the question involved was the damage the restriction caused to the plaintiff, and the amount of this damage was to be measured by the difference in value of the property, unrestricted and restricted; and that as bearing

upon the evidence of this difference in value furnished by the diffei ence in price on the unrestricted and the restricted sale, evidence of the amount expended by the plaintiff upon the property in necessary improvements, between the dates of the unrestricted and the restricted sale, was properly admitted for the consideration of the jury (Follett, J., dissenting);

That the plaintiff could not recover interest upon the amount of his damages — there being no authority for the recovery of interest on damages arising from a breach of a covenant against incumbrances, when the incumbrance is permanent in its nature.

Appeal by the defendant, William A. Darling, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 20th day of February, 1892, upon a verdict in favor of the plaintiff rendered at the New York Circuit, and from an order entered in said office on the 3d day of March, 1892, denying the defendant's motion for a new trial made upon the minutes.

January 13, 1874, a lot seventy feet wide east and west and one hundred and five-twelfths feet long north and south, and situate on the north side of East Sixty-third street, was conveyed in fee by a full covenant warranty deed (duly recorded January 1, 1874) to William Hyams, subject to the following restrictions :

" And the said party of the second part for himself, his heirs, executors, administrators or assigns, or any of them, shall not nor will erect or build or cause or suffer to be erected or built upon the lot of land hereby granted, or upon any part thereof, any building or structure of any kind, description or character whatever, fences excepted, other than good and substantial dwelling houses at least three stories in height above the basement, constructed of brick or stone, having roofs covered with slate or metal, which said houses shall be erected or built in such manner as to cover the whole width of the said lot of land, leaving no alleys or passages communicating from the street to the yards other than the ordinary halls or entries in such houses contained, and shall have the exterior face of the front walls constructed of stone, built upon a line parallel with, and distant five feet from the northerly side or line of Sixty-third street, and measuring at least forty feet from the established grade of said Sixty-third street to the upper line or top of the cornice or eaves trough. And that the said party of the second part, his heirs, executors, administrators or assigns, shall not use or suffer the said

dwelling house to be used or altered so as to be used for any tene-ment, community house, stable, theater or other place of public amusement, or any manufactory, trade or business whatsoever, or for any other purpose which may be noxious or offensive to the neighboring inhabitants, and will keep the hereby granted lot of land during such time as there shall be no building erected or being, or prepared for, or in process of erection thereon, free and unobstructed except by necessary fences."

January 31, 1874, Hyams conveyed the lot by a full covenant warranty deed (duly recorded February 3, 1874) to Thomas McManus, subject to the same restrictions. May thirty-first, William A. Darling, defendant, acquired title to the lot through several mesne conveyances, all of which were duly recorded, but no reference was made to said restrictions in any of them. February 15, 1886, Darling conveyed the lot to Rebecca Childs in consideration of $53,000, by a warranty deed, which contained a covenant that the premises were unincumbered except by certain mortgages, which were specified. September 21, 1888, Mrs. Childs contracted to sell the premises to Herman Wronkow for $52,500, and to convey them free from all incumbrances except certain mortgages, which were specified. Upon an examination of the records, Wronkow discovered the restrictions contained in the deed to Hyams, and refused to perform his contract. The premises were sold through brokers, to whom Mrs. Childs paid $350 for their services. Wronkow paid $175 for searching the title, which she paid to him. On the resale hereinafter mentioned she paid to the brokers $250. In February, 1889, Mrs. Childs expended $550 in altering and extending the plumbing on the premises, pursuant to an order of the board of health. May 31, 1889, Mrs. Childs, in consideration of $50,000, conveyed the premises to Griffin Tompkins, subject to the covenants contained in the deed to Hyams, and October 29, 1889, she assigned to the plaintiff all causes of action against Darling arising out of the breach of covenant against incumbrances.

November 4, 1889, this action was brought to recover the damages for the breach of the covenant, which were alleged to be $2,500, the difference between the price agreed to be paid by Wronkow and the price paid by Tompkins, the sum paid to Wronkow for the expense of searching the title, and the amount paid to brokers

for making the two sales. On the trial the plaintiff was allowed to to prove without objection, although it was not claimed in the complaint, the payment of $550 for extending and repairing the plumbing and sewers. The defendant, in his answer, alleged that Mrs. Childs before she purchased the property was informed of the restrictions contained in the deed to Hyams, and that by the changed situation of the neighborhood in which the property was situated, the restrictions had become inoperative and waived by the owners of property in the vicinity.

On the trial the court ruled that the plaintiff was not entitled to recover the sums paid the brokers for effecting the sales or the sum paid for searching the title, but ruled that the measure of damages was the difference between the value of the premises unrestricted (which could not be deemed more than $5,300, the price she paid Darling), and restricted as they were, and $550, the expense of repairing the plumbing, if those repairs were fairly done and really improved the property to the extent of the sum paid therefor.

The jury rendered a verdict for $3,050, with $570 interest. The. $3,050 is equal to the difference between the price which Wronkow agreed to pay and the sum for which she subsequently sold the premises to Griffin Tompkins, and $550, the sum paid. for plumbing.

*A. J. Dittenhoefer*, for the appellant

*Sol Kohn*, for the respondent.

Follett, J.:

The jury having found that the limitations upon the right to use the lot contained in the deed to Hyams diminished its value, the restrictions are incumbrances within the meaning of the covenant against incumbrances. (*Prescott* v. *Trueman*, 4 Mass. 627–629; *Wetmore* v. *Bruce*, 118 N. Y. 319; *Trustees* v. *Lynch*, 70 id. 440; Raw. Cov. [4th ed.] 95; 2 Wash. R. P. *659 [4th ed.], 460.)

On the trial. the defendant offered to show by oral evidence that Mrs. Childs knew of the limitations upon the right to use the premises when she took her deed, which, under the plaintiff's objection, was refused. This was not error (*Huyck* v. *Andrews*, 113 N. Y. 81–85), nor was it error to refuse to permit the defend-

ant to show that the use to which the property was put in the neighborhood had so changed that a court of equity would not restrain the owner of the lot from using it for the prohibited purposes. The fact that the limitations could or might not be enforced by an injunction would be no defense to an action at law for the recovery of the damages, if any were occasioned by violations of the restrictions. This evidence was not offered as bearing upon the question of the amount of damages recoverable in the action, but as a defense to it, besides great liberality was shown both sides in the admission of evidence upon the question as to how much the value of the property was diminished by the restrictions.

The plaintiff recovered $550 expended by Mrs. Childs for plumbing and sewers between the date of the rescission of the executory contract of sale with Wronkow, and the date of the conveyance to Tompkins. The evidence of these expenditures was sufficiently objected to by the defendant, but the objection was overruled and an exception taken, which was error. Upon a breach of a covenant of seizin or quiet enjoyment the value or expense of improvements made by the evicted grantee cannot be recovered as a part of his damages. (*Pitcher* v. *Livingston*, 4 Johns. 1 ; *Bennet* v. *Jenkins*, 13 id. 50 ; *Murray* v. *Ballou*, 1 Johns. Ch. 566–577 ; *Dimmick* v. *Lockwood*, 10 Wend. 142 ; *Kinney* v. *Watts*, 14 id. 38 ; *Peters* v. *McKeon*, 4 Den. 546–550 ; *Willson* v. *Willson*, 25 N. H. 229 ; Raw. Cov. [4th ed.] 235 *et seq. ;* Sedg. Dam. [8th ed.] § 958 ; Mayne Dam. [2d ed.] 147.)

The cost or value of improvements put upon the property not being recoverable in case the entire estate is lost by the failure of the principal covenants, it is difficult to see on what principle their value or cost can be recovered when the worth of the estate is simply diminished through the failure of a subordinate covenant. In some cases the same measure of damages may be recovered upon a breach of a covenant against incumbrances as upon a breach of a covenant of seizin. For example, when the incumbrance is foreclosed and the grantee is evicted.

The measure of damages caused by an incumbrance cannot be greater when the grantee is not evicted than it is in the case of an eviction. There may be cases in which the value or expense of improvements may be recoverable, as in a case of a covenant given

with special reference to contemplated improvements by the grantee, but that is not this case.

It is apparent, we think, from the instructions of the court and the verdict of the jury, that the item for plumbing was included as a part of the damages recovered. Upon this question the court said :

" You will also remember that between the time when Wronkow withdrew from his first contract and the time when he again came forward, Mrs. Childs put certain repairs upon the property, plumbing, etc., for which she paid $550. It is quite immaterial, in the aspect of the case which I am now considering, whether these repairs were done by order of the board of health, or merely because Mrs. Childs wished to improve her property ; the fact is that the property.was improved to the extent of the $550 of repairs put upon it, and the plaintiff's claim is that that sum should be added in your minds to the $52,500 which Wronkow was to pay for the property before the repairs were made. If the repairs were fairly done and really improved the property to the extent of $550, the plaintiff thus claims that the property, treated as free from this restriction, was worth $52,500, which Wronkow was willing to pay, plus the $550 subsequently put upon it, viz., $53,050, and that when Mrs. Childs was only able to sell it as restricted after the repairs had been put upon it for $50,000, there was a depreciation, caused by the restriction, of $3,050. That is the view which the plaintiff takes of it, and the view which he seeks to impress upon you."

The jury rendered a verdict for $3,050, showing, we think, that the $550 were added to the $52,500, and the price which the premises were sold for, $50,000, deducted. To this sum, interest to the amount of $570 was added, which made up the verdict of $3,620.

It is true that no exception was taken by the defendant to this part of the charge, but it shows the use which the jury was permitted to make of the evidence of the amount paid for plumbing, and that the error in admitting this evidence affected the verdict.

The court erred in permitting a recovery for this item.

When a grantee has been evicted from the subject of the grant, and becomes entitled to recover as damages the consideration of the conveyance, he is entitled to interest as compensation for the mesne profits for six years, which he is liable to pay to the true owner.

(*Staats* v. *Ten Eyck*, 3 Cai. 111–115 ; *Pitcher* v. *Livingston*, 4 Johns. 1–13 ; *Caulkins* v. *Harris*, 9 id. 324 ; *Bennet* v. *Jenkins*, 13 id. 50 ; *Kinney* v. *Watts*, 14 Wend. 38–40 ; *Peters* v. *McKeon*, 4 Den. 546–549 ; Raw. Cov. [4th ed.] 600 ; 3 Sedg. Dam. [8th ed.] § 966.)

If the incumbrance is security for a debt, less in amount than the consideration paid for the land, and the grantee is compelled to pay it to relieve his property, he may recover the amount with interest. (*Pitcher* v. *Livingston*, 4 Johns. 1–10 ; *Dimmick* v. *Lockwood*, 10 Wend. 142–151.) But we find no case holding that interest may be recovered on damages arising from a breach of a covenant against incumbrances when the incumbrance is permanent in its nature.

. For, in such a case, the measure of the damages is the difference of the value of the premises with and without the incumbrance, and are necessarily unliquidated. Interest upon such damages is not allowable in actions on contracts. No question was raised as to whether the difference in value should be ascertained as of the date of the conveyance by Darling to Mrs. Childs, the covenant then being broken, or as of the date of the conveyance by Mrs. Childs to Griffin Tompkins, and the question need not be considered. The allowance of interest was error.

Fortunately, this case was so clearly tried, and the different items recovered so distinctly stated, that we are not required to reverse the judgment and put the parties to the expense, and the courts to the trouble, of a new trial.

The judgment should be modified by striking therefrom the item of $550 for improvements, and $570 allowed for interest, and, as modified, affirmed, without cost, in the General Term, to either party.

VAN BRUNT, P. J. :

While concurring generally in the opinion of Mr. Justice FOLLETT herein, I do not accede to the proposition that it was error to admit the evidence as to the amount expended on the plumbing of the premises. It is true that the plaintiff could not recover for the amount thus expended ; but as evidence was offered to show what the premises brought when sold unrestricted, and what they subsequently brought when sold restricted, for the purpose of giving some guide as to the damage caused by the restric-

tion, the admissibility of which evidence is not objected to here, if there was any change in the condition of the premises between the time of the two sales, this certainly affected the value of the evidence thus offered. If they had been injured by the elements, the defendant could certainly have shown that, and, therefore, it seems to me, if they had been rendered more valuable by the necessary repairs, the plaintiff might show that, as bearing upon the value of the evidence of the sale subsequent to the repairs. This was the view in which the court submitted the question to the jury. They were instructed that if the repairs really improved the property to the amount expended for them, they might take this into consideration in determining what the property was worth unrestricted and restricted.

It is undoubtedly true that upon a breach of seizin or quiet enjoyment, the value or expense of improvements made by the *evicted* grantee cannot be proved as part of the damages, but in the case at bar there was no such recovery. The question under investigation was the damage by the restriction caused to the grantee. There was no total eviction, but only a partial restriction upon full enjoyment. The amount of this damage was a question between grantor and grantee, and was measured by the difference in value unrestricted and restricted. Evidence being given of a sale restricted, what had been done with and to the property subsequent to the original sale unrestricted, was certainly competent to show what weight should be given by the jury to this evidence of the restricted sale.

I am of the opinion, therefore, that no error was committed in the admission of this evidence.

As shown by Mr. Justice Follett, the allowance of interest was error. I think that the judgment should be reduced by amount of interest, $570, and, as modified, affirmed, without costs.

O'Brien, J., concurred.

Judgment reduced by amount of interest, $570, and as modified, affirmed, without costs.