(98 App. Div. 228)

SCUDDER et al. v. WATT.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. VENDOR AND PURCHASER—CONTRACT—PRESUMPTION.

In the absence of a stipulation to the contrary, a marketable title is always presumed to be offered when the subject-matter of a proposed sale is real estate.

2. SALE OF INTOXICATING LIQUORS—COVENANT—VALIDITY.

Where there is no failure of consideration, an agreement executed jointly by several property owners to the effect that intoxicating liquors shall never be manufactured or sold on the premises imposes on the premises of each a servitude which constitutes, in a legal sense, an incumbrance enforceable by any of the parties to the agreement.

3. SAME—MORTGAGE—EFFECT.

Where several owners of real property executed an agreement that no intoxicating liquors should ever be manufactured or sold on their premises, respectively, and provided that the agreement should be void in case any one of the property owners mentioned therein should refuse to agree to its provisions, the fact that the property of one of the parties was mortgaged at the time he signed the agreement did not constitute a refusal on his part to agree to its provisions.

4. SAME—POWERS OF MORTGAGOR.

The mortgagor of mortgaged property has power, as against all persons save the mortgagee and those standing in the mortgagee's shoes, to make a binding contract with other property owners to the effect that no intoxicating liquors should ever be manufactured or sold on their premises, respectively.

5. VENDOR AND PURCHASER—CONTRACT—SPECIFIC PERFORMANCE.

Where executors offer real property of their testatrix for sale pursuant to the terms of the will, and a contract for the sale thereof is entered into with a person having no knowledge of the existence of a restrictive agreement, signed by the testatrix, with other property owners, to the effect that no intoxicating liquors should ever be manufactured or sold on their premises, respectively, thereby imposing a servitude on the land, the purchaser cannot be compelled to specifically perform the contract.

¶ 1. See Vendor and Purchaser, vol. 48, Cent. Dig. § 245.

6. SAME—RESTRICTIVE AGREEMENT—MATERIALITY—APPEAL.

Where, in an action to compel specific performance of a contract for the purchase of real estate, the trial court finds that the premises were subject to a restrictive agreement constituting a servitude, of which the purchaser had no knowledge at the time of entering into the contract, and no exception is taken to the finding, the plaintiffs cannot urge on appeal that, in the absence of proof, it could not be assumed that the agreement injuriously affects the value of the property, or that the defendant would have bid any less, had the agreement been mentioned in the terms of sale.

Appeal from Trial Term, Nassau County.

Action by Halstead Scudder and another, as executors of the last will of Elizabeth Benham, deceased, against Thomas L. Watt, for specific performance of a contract to purchase certain land belonging to the decedent's estate. From a judgment for defendant, plaintiffs appeal. Affirmed.

The agreement referred to in the opinions was as follows:

We, the undersigned, Hewlett McCoun, Geo. Downing, Phebe W. Albertson, Wm. H. Townsend, George H. Townsend, P. Halstead Scudder, Elizabeth Benham, Estate of Townsend Scudder, Thos. G. Townsend, William H. De Puy and John T. Townsend, severally owning property abutting on or adjoining the L. I. R. R. at or near Glen Head Station, in the County of Queens, and State of N. Y., in consideration of One Dollar to each of us paid, hereby covenant and agree with each other that we will not sell or permit to be sold spirituous or intoxicating liquors as a beverage upon any land or premises situated at or near Glen Head Depot, in the Town of Oyster Bay, Queens Co., N. Y., owned by us severally or jointly.

And that we will include in any instrument of conveyance, lease, or assignment of said lands or premises or any part thereof, a covenant and condition that the lands so sold, leased or conveyed by either of us thereby, shall not be used for the manufacture or sale of any spirituous or other intoxicating liquors as a beverage, hereby intending that said covenant and condition shall bind our heirs, personal representatives and assigns. This agreement between the aforementioned undersigned shall be null and void and not binding upon any of the parties in question, in case any one of the above mentioned property owners shall refuse to agree to its provisions.

The opinion of Wilmot M. Smith, J., referred to in the opinion of JENKS, J., is as follows:

In the absence of a stipulation to the contrary, a marketable title is always presumed to be offered. There is no evidence in this case that the defendant was aware of the restrictive agreement when he bid upon the property. The effect of the restrictive agreement was to impose upon the premises in question a servitude which was, in a legal sense, an incumbrance which could be enforced by any of the parties to the agreement. Uihlein v. Matthews, 172 N. Y. 154, 64 N. E. 792.

Plaintiffs contend that because one of the parcels of land affected by the agreement was subject at the time of its execution to a mortgage which was subsequently foreclosed, and the property sold, thus freeing the premises sold from the covenant, all the premises embraced in the agreement are relieved from the effect of the covenant.

The consideration of the agreement was that each of the parties thereto could impose upon his premises a binding and enforceable covenant. Until the Downing mortgage was foreclosed the covenant was binding and enforceable upon all the premises included in the agreement. There was no failure of consideration because of the existence of a prior mortgage which made the agreement void in its inception. The mortgage might have been paid off. The fact that a portion of the property was subsequently freed from the covenant might create a situation which would make it inequitable to

thereafter enforce it. Whether, under the circumstances, the covenant ought to be enforced, cannot be determined in this action, especially when others having rights dependent upon the same questions are not parties to the action. In view of the fact that the defendant may be subjected to a legal contest as to the present validity of the covenant, the issue of which is not free from doubt, the title is not marketable, and the defendant should not be compelled to accept it. Shriver v. Shriver, 86 N. Y. 575.

The defendant is entitled to judgment, with costs.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Halstead Scudder, for appellants.
Edward M. Perry, for respondent.

JENKS, J. We think that the judgment of the Special Term was right, for the reasons given in the opinion of Wilmot M. Smith, J., presiding thereat. We limit our discussion to points first raised before us, or at least pressed with new arguments. We think that the provision, "This agreement between the aforementioned undersigned shall be null and void and not binding upon any of the parties in question, in case any one of the above-mentioned property owners shall refuse to agree to its provisions," means that the agreement shall be null and void if any of the property owners declines to become a party thereto, or rejects it on his part; in other words, it shall not be valid and effective unless all execute it. The fact that Downing's property was then subject to a mortgage did not make his execution of the agreement a refusal, in law, on his part, to execute it. In law and in equity the mortgagor is regarded as the owner of the land. Thomas on Mortgages, § 23; Trustees of Union College v. Wheeler, 61 N. Y. 88, 118; 2 Washburn on Real Property, 169. The contingency that the mortgagee, in consequence of Downing's subsequent default, might thereupon defeat Downing's title, did not make Downing one who refused to execute the agreement. Downing was competent to impose the servitude, which was valid, in any event, as to all persons save his mortgagee and those standing in that mortgagee's shoes. It is held in Crippen v. Morss, 49 N. Y. 63, that an easement imposed by a tenant in common was valid, save as to the other tenants in common. See, too, Valentine v. Schreiber, 3 App. Div. 235, 38 N. Y. Supp. 417.

The learned counsel for the appellants, assuming that the restrictive agreement was in force, further insists that, in the absence of proof, it cannot be assumed that the agreement injuriously affects the value of the property, or that the defendant would have bid any less therefor, had the agreement been mentioned in the terms of sale, and that therefore such omission is immaterial. He cites and relies upon Riggs v. Pursell, 66 N. Y. 193. The agreement in that case was that the buildings should be placed back from the street so as to afford courtyards. The court say that there was neither proof nor allegation that the agreement diminished the value of the premises; that it was not made to impose a burden, but to enhance the value of all the lots upon the street; that the fact that it is in a sense an incumbrance cannot be assumed, without

proof that it injuriously affected the value of the premises; and, besides, that before the sale the lessee had erected a large and valuable building, leaving the courtyard required by the agreement, which was known to the purchasers when they bid. In this case the court has decided that the "effect of the restrictive agreement was to impose upon the premises a servitude." Though "servitude" and "easement" are often used indiscriminately, the latter term generally refers to a burden imposed. Washburn, Law of Easements and Servitudes, § 6; Fetters v. Humphreys, 18 N. J. Eq. 260, 262. In Uihlein v. Matthews, 172 N. Y. 154, 158, 64 N. E. 792, a similar restriction was said to impose a servitude. The court had before it the location and character of the property, and the nature and effect of the agreement, and it does appear that the property was improved. I think that the court might fairly infer, and that it has decided, that the effect of the agreement was to impose a servitude upon the land. I do not find that any exception was taken to the finding of a servitude. Riggs v. Pursell, supra, was distinguished in Wetmore v. Bruce, 118 N. Y. 319, 323, 23 N. E. 303. The court also intimates that there is a question whether the doctrine of that case, which arose out of a judicial sale, is applicable, in any event, to a private sale. In Heller v. Cohen, 154 N. Y. 299, 306, 48 N. E. 527, 528, the court say:

"To entitle a vendor to specific performance, he must be able to tender a marketable title. A purchaser ought not to be compelled to take property, the possession of which he may be obliged to defend by litigation. He should have a title that will enable him to hold his land free from probable claim by another, and one that, if he wishes to sell, would be reasonably free from any doubt which would interfere with its market value. If it may be fairly questioned, specific performance will be refused. Vought v. Williams, 120 N. Y. 253, 257, 24 N. E. 195, 8 L. R. A. 591, 17 Am. St. Rep. 634; Shriver v. Shriver, 86 N. Y. 575, 584; Fleming v. Burnham, 100 N. Y. 1, 2 N. E. 905."

The judgment should be affirmed, with costs. All concur.