(114 App. Div. 771)

GOODRICH v. PRATT.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

1. VENDOR AND PURCHASER—TITLE OF VENDOR—INCUMBRANCES—RESTRICTIVE COVENANTS—SPECIFIC PERFORMANCE.

Where a contract for the sale of real estate obligated plaintiff to convey the land free and clear of all incumbrances, and the land was subject to a restrictive covenant that no parcel of the premises should be used for any offensive business, nor should the land be used as a place for the deposit of any offensive substance, or to the annoyance of any person owning land or residing contiguous thereto, plaintiff was not entitled to enforce specific performance.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, §§ 250–252.]

2. SPECIFIC PERFORMANCE—TITLE OF VENDOR—INCUMBRANCES—RESTRICTIVE
     COVENANTS—EFFECT—EVIDENCE.
          Evidence was inadmissible to show that such restrictive covenant en-
     hanced rather than lessened the value of the land.

Appeal from Special Term, Kings County.

Action by Elizabeth R. Goodrich against John T. Pratt. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, and RICH, JJ.

John G. Milburn (Walter F. Taylor, on the brief), for appellant.
George W. Wingate, for respondent.

HIRSCHBERG, P. J. The judgment herein requires the specific performance by the defendant of a contract for the purchase of certain real estate on Clinton avenue in the borough of Brooklyn. The contract required the plaintiff to convey the property free and clear of incumbrances, and the defendant refused to take the title on two grounds—First, because by chapter 257, p. 458, of the Laws of 1899, the boundaries of Clinton avenue were changed so as to restrict the use of 20 feet of the abutting property; and, secondly, because of certain restrictive covenants to which the premises in question were subject by deed.

As to the first objection, I would find little difficulty personally in affirming the judgment, but I am inclined to the view that the second objection is fatal to the plaintiff's claim. The restrictive covenant in question is as follows:

"And this conveyance is made upon this express condition that party of the second part, his heirs and assigns, shall not at any time or times use or follow, or permit or suffer any person to use or follow, in or upon the said premises, or any part of parcel thereof, any nauseous or offensive business of whatsoever name or description, and that he and they and any of them shall not at any time or times place, put, or suffer to remain, or permit any person to place, put, or suffer to remain, in or upon the said premises, or any part or parcel thereof, or of the appurtenances, any matter or thing whatsoever which may be nauseous or offensive, or be to the annoyance, prejudice, or disturbance of any person or persons owning land or residing contiguous thereto."

The learned trial court disposed of these restrictions by a finding that they enhanced the value of the property, and by a conclusion of law that the covenant in which they are contained does not bind the owner of the land any further than he would be bound by law in the absence of the covenant. It is sought to sustain this conclusion by the authority of Clement v. Burtis, 121 N. Y. 708, 24 N. E. 1013. It is true that in that case a restriction was held to bind the owner no further than he would have been bound by law without it, but the restrictive covenant in that case was confined exclusively to the maintenance of a nuisance; in other words, to prohibit only such use of the property as might justify injunctive relief in equity. The covenant in the case at bar goes much further. It not only prohibits the maintenance of a nuisance, but it prohibits the placing on any part of the property of any matter or thing which might prove objectionable to any person owning land or residing in the neighborhood. It is more than a covenant against

the carrying on of an offensive business. It is a covenant against such use of the property as might in any way tend to the annoyance of a neighbor. It is difficult to see how such a covenant is not an incumbrance upon the property.

The learned trial justice took evidence in support of the finding that the restrictive covenant did not injuriously affect the value of the property. In Riggs v. Pursell, 66 N. Y. 193, it was held that it could not be assumed without proof that similar covenants injured the value of property, and the court accordingly refused to relieve a purchaser at a mortgage foreclosure sale from the completion of his purchase. In that case, however, it appeared that the bid was made with knowledge of the defects afterwards complained of, or the court found that the purchaser would have bid the same amount had he possessed knowledge of such defects. I do not think the authority is controlling. In Wetmore v. Bruce, 118 N. Y. 319, 323, 23 N. E. 303, it was suggested that the doctrine of Riggs v. Pursell, supra, might not be applicable to a private sale, where the vendor contracts to give a good title in fee simple free and clear of all incumbrances. It seems to me that a positive contract to convey premises free and clear of all incumbrances cannot be performed where there are restrictions on the use of the property not imposed by law, and that such a situation cannot be met by the mere opinion of experts that the value of the property is not diminished thereby. In Kountze v. Helmuth, 67 Hun, 343, 22 N. Y. Supp. 204, it was held that restrictive covenants running with the land affected the marketable title, irrespective of the question of their beneficial nature. The court said (page 347, of 67 Hun, page 206, of 22 N. Y. Supp.):

"The plaintiff was, in our opinion, entitled to rely upon his covenant, and it was therefore not error for the justice before whom the cause was tried to exclude the evidence offered by the defendant for the purpose of showing whether the covenants were beneficial or otherwise."

This case was affirmed by the Court of Appeals. 140 N. Y. 432, 35 N. E. 656.

I think, under the circumstances, the defendant was entitled to stand upon the strict performance by the plaintiff of the agreement to convey free and clear of all incumbrances. See Terry v. Westing (Sup.) 5 N. Y. Supp. 99; Raynor v. Lyon, 46 Hun, 227; Reynolds v. Cleary, 61 Hun, 590, 16 N. Y. Supp. 421; Fourth Presbyterian Church v. Steiner, 79 Hun, 314, 29 N. Y. Supp. 488; Scudder v. Watt, 98 App. Div. 228, 90 N. Y. Supp. 605.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.