BREEN, Respondent, vs. ARNOLD, Appellant.

*May 21—June 17, 1914.*

*Vendor and purchaser: Breach of contract by vendor: Rescission: Recovery of money paid: Settlement of claim by one of several purchasers: Costs: Time for perfecting judgment.*

1. Where the vendees named in a land contract were not partners and would have become tenants in common if the contract had been consummated, one of them had no legal right, after a breach of the contract by the vendor, to settle with the vendor the claim of the other vendee for the recovery of purchase money paid by the latter.

2. Where the vendor in a land contract failed to furnish an ab-

stract as agreed, was unable to deliver the deed as called for, and refused to comply with the terms of the contract, the vendee had a right to stand upon such breaches and recover the money which he had paid.

3. Where, after a verdict in plaintiff's favor, defendant moved for judgment and also moved for a new trial, the sixty days within which, under sec. 2894a, Stats., plaintiff must perfect his judgment in order to be entitled to costs, did not begin to run until such motions were determined.

4. In such a case, where the record does not show when the motions were determined, and the trial court refused to disallow costs, it will be presumed that the costs were taxed in due time.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

This is an action brought by the plaintiff to recover from the defendant the money the plaintiff paid defendant on a contract for the purchase of a lot. It is shown that the defendant, on March 17, 1911, as agent for the owner of the lot, made an agreement with the plaintiff to sell him a five-acre lot of land and that the plaintiff paid the sum of $125 of the purchase price; that the plaintiff received a receipt which embraced the agreements of the parties, by which a conveyance of the lot by warranty deed was to be given to the plaintiff and one J. J. Wirtz. Wirtz also paid the sum of $125 on the purchase price of the lot. The lot consisted of five acres of land and was valued at $2,250. It was agreed that the defendant should furnish the plaintiff and Wirtz an abstract and that the conveyance should be completed by the payment of the balance of $2,000 on or before June 15, 1911. The plaintiff procured the money and held it on deposit in a bank and was ready to pay his one-half part of the purchase price on April 18th, at which time defendant informed him that the owner of the lot refused to convey the lot specified in the agreement unless a sale and transfer were made of another lot of five acres situated in the same plat. The bank, acting as the owner's agent for delivery of the deed and to re-

ceive the purchase money for the lot from the plaintiff and Wirtz, insisted that both lots be transferred at the same time as a condition to conveying the lot for which the plaintiff and Wirtz had bargained. The jury found that the defendant wholly failed to deliver the abstract as agreed by the parties to this transaction, and a general verdict for the plaintiff assessing his damages at the sum of $136.87. The court awarded judgment in plaintiff's favor for this amount and for costs. This is an appeal from such judgment.

The cause was submitted for the appellant on the brief of *R. I. Tipton,* and for the respondent on that of *W. P. Crawford.*

SIEBECKER, J. The points raised and argued upon the record present the inquiry: Has the plaintiff a right to recover the purchase money paid by him for the lot in question? It is averred that the cause of action for the recovery of the $250 paid by the plaintiff and Wirtz on the purchase price of the lot is a joint claim, and that a settlement between Wirtz and the defendant and dismissal of Wirtz as a plaintiff with *Breen's* consent operated as a full satisfaction of the plaintiff's right to recover his share of the money paid on the purchase price. The court correctly held that the relationship of copartners between the plaintiff and Wirtz did not exist. It is apparent from the transaction that the plaintiff and Wirtz, under the contract, if consummated, would have been tenants in common of the five-acre lot and that they each individually agreed to pay one half of the purchase price. Under the circumstances Wirtz in no way had the legal right to settle the plaintiff's claim for the recovery of the purchase money paid by him, and the court properly denied the defendant's motion for judgment upon this ground. It is contended that the court erred in awarding judgment on the verdict because the record fails to show there was a rescission of the contract. The jury found that the defendant breached the contract for sale and purchase of the lot in that

he failed to provide the plaintiff an abstract as agreed. The evidence warrants this finding. It also appears that the defendant was unable to make delivery of the deed as called for by the contract of sale and that he failed and refused to comply with the terms and conditions of the agreement. The plaintiff had a right to stand on such breaches of the contract of sale and demand the return of the money he paid under it with interest. The jury awarded him this amount and the judgment must be affirmed as correct.

It is urged that the plaintiff forfeited his right to recover his costs in the action under sec. 2894a, Stats., because he omitted to perfect the judgment within sixty days after the rendition of the verdict. The record shows that the defendant made a motion for judgment after the verdict. This state of the proceeding necessarily required that entry of judgment be held in abeyance until the court had passed on this motion. It also appears that the defendant's motion for a new trial was pending. The costs were taxed and allowed July 12, 1913. The record is not clear and definite when the court passed on these motions. Since, however, the court refused to disallow costs, it must be presumed that the costs were taxed within the sixty days thereafter as required in such cases. *Dresser v. Lemma,* 122 Wis. 387, 100 N. W. 844; Circuit Court Rule XXXIII.

*By the Court.*—Judgment affirmed.