NEFF, Respondent, vs. RUBIN, Appellant.

*October 28—November 16, 1915.*

*Vendor and purchaser of land: Contract construed: "Warranty deed:" Parol evidence: Restrictive covenants: Incumbrances: Inability of vendor to convey as agreed: Recovery of amount paid: Waiver: Tendering return of contract.*

1. A contract to convey land by "warranty deed" calls for a deed containing the usual covenants of warranty, including the covenant that the land is free and clear from incumbrances.

2. Parol evidence is not admissible to show that such a contract called for a deed containing covenants on the part of the grantee restricting the use to be made by him of the land, with reversionary provisions.

3. Existing restrictions upon the use which may be made of land by the owner, with provision for reversion in case of violation, constitute such an incumbrance as to prevent the owner from giving a warranty deed.

4. Where the vendor of land cannot convey title as agreed in the contract of sale, the vendee may refuse further payment of the purchase price and recover the amount already paid thereon.

5. A letter from the attorney of the vendee of land stating in effect that his client would carry out the agreement of sale, though advised to the contrary by the attorney, upon receipt of the warranty deed called for by said agreement, is *held* not to have been a waiver or modification of the terms of the contract.

6. Where both parties to a contract for the sale of land finally treated it as ended and stood upon their legal rights consequent upon the breaches claimed, the vendee was not required to tender a return of the writing embodying the contract in order to entitle him to recover the purchase money which he had paid.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

This is an action to recover a part of the consideration paid on a land contract after an alleged rescission thereof by the plaintiff.

On the 21st day of September, 1914, plaintiff and defendant entered into a written agreement for the sale by defendant to plaintiff of certain lots in the city of Milwaukee for the price of $21,600. Plaintiff paid $600 down at the time of entering into the contract. By the contract it is agreed that: "Upon payment of five thousand dollars ($5,000), the said *W. B. Rubin* will give to said *Charles S. Neff* a warranty deed, subject to the mortgages aforesaid, together with an abstract of title. . . ."

One Louisa Veit on the 26th day of September, 1910, sold and conveyed the lots here in question to the Advance Investment Company by deed which was duly recorded in the office of the register of deeds of Milwaukee county. This deed contained the following conditions and restrictions:

"It is mutually agreed and understood by and between the parties hereto, that this deed is executed and delivered subject to the following covenants:

"1. That no building shall be erected upon said premises which shall project nearer to the center of the Lake Avenue Company toll road than sixty feet.

"2. That no part of said premises shall be used as a livery, selling or boarding stable, or for any garage other than for private use, or for the sale of intoxicating drinks, or for any other business purpose, but that the said premises shall be used solely for residence purposes.

"3. That no residence shall be constructed upon said premises that shall be of design for more than one family, and no flat or apartment house shall be erected thereon.

"4. That no residence shall be erected upon said premises that shall cost less than $5,000, and that not more than one residence shall be built upon any one lot.

"5. That all outbuildings shall be of neat design and shall not be built closer to the bluff line than thirty feet.

"6. That no billboards or advertising signs shall be placed upon any part of said lots.

"7. That each of the foregoing covenants shall remain in force for a period of fifty years from and after October 1, 1908, and shall be construed and deemed covenants running with the land, and shall bind the respective parties, their heirs, administrators and assigns, and upon the happening or suffering of either, any or all of the events or contingencies mentioned in said covenant No. 1, 2, 3, 4, 5, 6 and 7, this deed shall become forfeited, and the premises herein described and all the rights herein conveyed shall at once revert to and revest in and become the property of the party of the first part, her heirs or assigns (without any declaration or forfeiture, or act of re-entry, or without any right of the party of the second part, heirs or assigns to reclamation or compensation for moneys paid or improvements made), as absolutely and perfectly as if this deed had never been made."

On February 11, 1913, the Advance Investment Company sold and by deed conveyed the lots to the defendant, under which the defendant asserts title.

On the 13th day of October, 1914, the defendant submitted abstracts of title of the lots to the plaintiff. Upon examination of the abstracts of title and being informed of these restrictive covenants the plaintiff immediately demanded that the lots be released from these restrictions so as to enable the defendant to deliver a warranty deed thereof according to the terms of the written agreement. After negotiations between the parties the plaintiff on October 28, 1914, caused the following letter to be sent to the defendant:

*"Mr. W. B. Rubin,*

"Care Messrs. Rubin & Zabel, Milwaukee.

"Dear Sir: Replying to yours of October 26th, I am directed by my client, *Mr. Charles S. Neff,* to say that he will carry out his agreement with you.

"It is needless to say, that in this regard he is not acting in accordance with my advice.

"On receiving from you the warranty deed called for by the agreement of September 21st, he will give the mortgages required by the contract as of the date they were therein re-

quired to be executed, and make the cash payment, to wit, $5,000, together with interest thereon from the time it was due under the contract until paid.

"Will you kindly prepare the deed and mortgages required under the contract and submit them to me for examination and approval?

"Please send me at once by bearer, the abstracts of title, so that I may complete my examination of them.

"Yours very respectfully,

"(Signed) FRANK M. HOYT."

The defendant failed to have the restrictions removed and tendered a deed with these restrictions on the title, which plaintiff refused and thereupon demanded that defendant repay the $600 he had paid to defendant at the time of entering into the written contract. Defendant refused to return the money and has never returned it, hence this suit was instituted.

The circuit court directed a verdict for the plaintiff in the sum of $600 and interest on the same from November 2, 1914, amounting in all to $626. Judgment was entered accordingly, and this is an appeal from such judgment.

For the appellant there was a brief by *Rubin, Fawcett & Dutcher,* attorneys, and *W. B. Rubin* and *Paul R. Newcomb,* of counsel, and oral argument by *Mr. Newcomb.*

For the respondent there was a brief by *Frank M. Hoyt,* attorney, and *Guy D. Goff,* of counsel, and oral argument by *Mr. Goff.*

SIEBECKER, J. The defendant contracted for the sale and conveyance of the above described lots to the plaintiff, and upon payment of the consideration to give plaintiff "a warranty deed" thereof subject to the mortgages specified in the contract. The question presented is, Did the court err in refusing to receive parol evidence to show that defendant's tender to plaintiff of a warranty deed containing the restrictions above specified was a compliance with the terms of the land contract? The term "a warranty deed" in a contract for the

sale and conveyance of land has in the law the clear and defi-
nite meaning that the vendor will convey the title to the
premises by deed containing the usual covenants generally
inserted in a warranty deed, which includes the covenant that
the land is free and clear from incumbrances.   1 Warvelle,
Vendors (2d ed.) §§ 418, 419.   This court at an early day
held that a contract to convey by "a good and sufficient war-
ranty deed" entitled the vendee to a warranty deed of the
land "free from all incumbrances."   *Davidson v. Van Pelt,*
15 Wis. 341.   Other cases to the same effect dealing with such
contracts and the effects of covenants to convey by deed are:
*Falkner v. Guild,* 10 Wis. 563; *Bateman v. Johnson,* 10 Wis.
1; *Davis v. Henderson,* 17 Wis. 105; *Curtis L. & L. Co. v.
Interior L. Co.* 137 Wis. 341, 347 (118 N. W. 853) and cases
cited on p. 348; *Kramer v. Carter,* 136 Mass. 504.   The
term "a warranty deed," in the contract for the sale and con-
veyance of the lots, being in its legal meaning free from am-
biguity, calls upon defendant to convey the title to the lots by
deed containing the usual covenants of warranty.   It follows
that defendant cannot complain of the court's ruling exclud-
ing parol evidence to show that the contract called for a con-
veyance of the lots by a deed with restrictive covenants and
reversionary provisions.

It is also well established that the restrictions on the title
to the lots in question constituted such an incumbrance as to
prevent defendant from giving such a warranty deed as con-
templated by the contract.   *Batley v. Foerderer,* 162 Pa. St.
460, 29 Atl. 868; 3 Washb. Real Prop. (6th ed.) § 2385;
*Doctor v. Darling,* 68 Hun, 70, 22 N. Y. Supp. 594; *Gibert
v. Peteler,* 38 N. Y. 165; *Goodrich v. Pratt,* 114 App. Div.
771, 100 N. Y. Supp. 187.

Where the vendor cannot convey title as agreed by the con-
tract of sale the vendee may refuse further payments of the
purchase price and recover the amounts paid thereon.   *Falk-
ner v. Guild,* 10 Wis. 563; *Davis v. Henderson,* 17 Wis. 105;
*Harrass v. Edwards,* 94 Wis. 459, 69 N. W. 69; *Breen v.*

*Arnold,* 157 Wis. 528, 147 N. W. 997.   It is plain that the deed tendered by the defendant under the contract of sale is not a warranty deed of the premises conveying them free from incumbrances as called for by the contract of sale.

It is argued that the plaintiff through his attorney waived the conditions of the contract of sale calling for "a warranty deed" by the attorney's letter of October 28, 1914, stating in effect that plaintiff would carry out the agreement of sale, though advised to the contrary by his attorney, on receipt from the defendant of "the warranty deed" called for by the contract of sale and conveyance.   We cannot find anything in this letter, taken in connection with all of the negotiations preceding it, that can be held to be a waiver or any modification of the terms of the contract.   Its contents clearly indicate that plaintiff insisted on full performance of the terms of the contract.   The letter in terms clearly shows that the plaintiff stands on the contract and demands of defendant that he carry out its obligations.   The deed tendered by the defendant after this correspondence does not comply with the terms of the contract and plaintiff was not required to accept it.   It is manifest from the record that both parties to the contract finally treated the contract as ended and stood on their legal rights consequent to the alleged breaches.   Under these facts and circumstances no further steps were required of plaintiff to tender return of the writing embodying the contract to entitle him to recover the purchase money he had paid on the contract.   *Woodman v. Blue Grass L. Co.* 125 Wis. 489, 103 N. W. 236, 104 N. W. 920.   The trial court properly awarded judgment for recovery of the purchase money plaintiff had paid on the contract of sale of the lots.

*By the Court.*—The judgment appealed from is affirmed.