GEORGE PEABODY WETMORE, Appellant, *v.* CATHARINE W. BRUCE, Respondent.

In an action to compel the specific performance of a contract, by which plaintiff agreed to sell and convey, free and clear of all incumbrances, to defendant a house and lot in the city of New York, it appeared that the former owners of the land in the block in which the premises in question where situated had mutually covenanted and agreed that twelve feet of the front of the lots should not at any time be built upon, but should be forever left open for court-yards. The court found, upon evidence to sustain the finding, that the salability of the property was injured by said convenant. *Held*, that the title tendered by plaintiff was not free and clear from incumbrances, as the covenant constituted an incumbrance; and that defendant was justified in refusing to complete his purchase.

*Riggs* v. *Pursell*, (66 N. Y. 193), distinguished.

Also, *held,* that defendant was entitled to recover as damages by way of counter-claim the percentage paid by him at the time of purchase, the auctioneer's fees and the expenses paid for examining the title.

Adjoining owners of land may by grant impose mutual and corresponding restrictions upon the lands belonging to each, for the purpose of securing uniformity in position of the buildings. The covenants being mutual, and imposing such restriction in perpetuity, are in effect reciprocal easements, the right to the enjoyment of which passes as appurtenant to the premises and will be enforced by a court of equity.

Such a covenant, therefore, creates an incumbrance.

A reversal of a judgment will not be granted because a finding of fact is without evidence to support it, unless it is a material fact and to some extent at least gives support to the judgment rendered.

Reported below (22 J. & S. 149).

(Argued December 18, 1889 ; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made the first Monday of December, 1886, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts are sufficiently stated in the opinion.

*William Man* for appellant. The refusal of the trial court to find that the defendant had notice of the restriction at the time of purchase, and his finding that defendant had no such notice were errors of law. (*Sickels* v. *Flanagan,* 79 N. Y. 224.) The defendant cannot succeed on the defense of the court-yard agreement, as she had notice of it when she purchased. (*Stevens* v. *Hauser,* 39 N. Y. 302, 304.) The finding of the trial court that the restriction in question is a damage to this property is unsupported by evidence, and is an error of law for which the judgment should be reversed. (*Pollock* v. *Pollock,* 71 N. Y. 137, 153 ; *Putnam* v. *Hubbell,* 42 id. 106 ; *Dwight* v. *G. L. Ins. Co.,* 103 id. 341, 358, 359. The court should have found as requested by the plaintiff, that this restriction is not a damage to the land, but, including the corresponding easement over all the lands fronting on the park, is a benefit and an enhancement of value. (*James* v. *Cowing,* 82 N. Y. 457, 459 ; *Hendricks* v. *Stark,* 37 id. 106 ;

*Riggs* v. *Purssell*, 66 id. 193; *Post* v. *Bernheimer*, 31 Hun, 247; *Hellreigel* v. *Manning*, 97 N. Y. 56.) Should this block front ever change its character and become business property, the restriction will be rendered nugatory by the altered circumstances, as, for instance, if a railroad station be put in the square. (*Trustees, etc.,* v. *Thacher*, 87 N. Y. 311; 1 Story's Eq. Juris. [10th ed.], § 750.) The court erred in giving judgment against the plaintiff for the $5,200 deposited with the auctioneer by the defendant on her purchase. (*Cockcroft* v. *N. Y. & H. R. R. Co.*, 69 N. Y. 201, 208.)

*Charles Jones* for respondent. In every contract for the sale of land, there is an implied warranty on the part of the vendor that he has a good title to that which he assumes to sell, unless such warranty is expressly excluded by the terms of the contract. The court-yard agreement, made by the former owners of the lot in question and of the adjoining lots fronting on the street, is an incumbrance on the lots. This mutual covenant imposed a restriction in perpetuity upon the lots, and in equity the premises are charged with the observance of the covenant in the hands of all subsequent grantees taking title with notice of its existence, and a court of equity will enforce specific performance of the contract. (*Trustees* v. *Lynch*, 70 N. Y. 440; *Lattimer* v. *Livermore*, 72 id. 174; *P. Ins. Co.* v. *C. Ins. Co.*, 87 id. 400; *Perkins* v. *Coddington*, 4 Robt. 647; *Roberts* v. *Levy*, 3 Abb. [N.S.]; *Anonymous*, 2 Abb. [N. C.], 56; *In re Whitlock*, 32 Barb. 28; *In re Andus*, 12 Phila. 45.) The court found, as matter of fact, that the restrictions and incumbrances created by the court-yard agreement were a damage to the lot of land in question, and injured its salability and marketability; this finding is conclusive on appeal to this court, and this rule applies to actions in equity as well as to actions at law. (*Stillwell* v. *M. L. Ins. Co.*, 72 N. Y. 385.)

PARKER, J. This action was brought to compel the defendant to specifically perform an agreement made by her to purchase the house and lot, No. 19 Washington square, north, in

the city of New York, which the plaintiff agreed to sell and convey free and clear of all incumbrances.

The defendant in her answer, among other objections to the title, averred that the former owners of the land in the block in which the house and lot are situated had mutually covenanted and agreed that twelve feet of the front of the lot in question, and of the other lots in the block, should not at any time be built upon, but should forever be left open for court-yards.

That such agreement was in full force and constituted a restriction and incumbrance which depreciated the value of the property. The defendant also, by way of counter-claim alleged that she had sustained damages, because of the inability of plaintiff to give a title free and clear of all incumbrances, consisting of the percentage paid on account of the purchase-price, the auctioneer's fees, and the expenses paid for examining the title.

The plaintiff in his reply admitted the making of the agreement set forth in the answer, but denied that it amounted to an incumbrance or restriction in the proper meaning of the words, or that it impaired the value of the premises.

It is entirely competent for adjoining owners of land by grant to impose mutual and corresponding restrictions upon the lands belonging to each, for the purpose of securing uniformity in the position of buildings.

The covenants being mutual and imposing such restriction in perpetuity are in effect reciprocal easements, the right to the enjoyment of which passes as appurtenant to the premises.

Observances of such a covenant will be enforced by a court of equity. (*Lattimer* v. *Livermore*, 72 N. Y. 174; *Trustees Col. College* v. *Lynch*, 70 id. 440; *Phoenix Insurance Co.* v. *Continental Insurance Co.*, 87 id. 400; *Perkins* v. *Coddington*, 4 Robt. 647.)

The title, then, which the plaintiff tendered was not free and clear from all incumbrance for certainly a covenant, valid and enforceable in equity, which so limits and restricts the use of twelve feet in depth along the entire front of a city lot as to prevent building thereon is an incumbrance.

Upon the trial the plaintiff, by evidence tending to show that the existence of the agreement did not depreciate but rather enhanced the value of the premises, sought to bring the case within the decision of the court in *Riggs* v. *Pursell*, (66 N. Y. 193). In that case the purchaser at a judicial sale refused to take title. The court said "while the agreement requires that a court-yard shall be left in front of this lot, for the benefit of the other lots on the street, it also requires that a court-yard shall be left in front of all the other lots for the benefit of this; and all the houses on the street have been built in conformity to this agreement. While this agreement may in one sense be regarded as an incumbrance upon this lot, it cannot be assumed, without proof, that it injuriously affects its value to to any extent whatever." And it was held to be an immaterial defect. But in the case before us the trial court found that the restriction and incumbrance created by the covenant and agreement did, in fact, damage the property, and injure its salability and marketability. The General Term having affirmed the finding, it cannot be reviewed here as there is some evidence to support it. As the case is now presented, therefore, *Riggs* v. *Pursell* cannot be invoked in aid of the appellant, and it is unnecessary to consider whether the doctrine of that case would be applicable to a private sale, where the vendor contracts to give a good title in fee simple free and clear of all incumbrances. It follows that the refusal of the court to decree specific performance must be sustained.

It was not error to render judgment in favor of the defendant for the percentage paid at the time of purchase, the expense incurred in the examination of title, and the auctioneer's fees. (*Cockcroft* v. *N. Y. & H. R. R. Co.* 69 N. Y. 201.)

The appellant contends that the finding of the trial court that the defendant did not have notice of the restriction, is wholly without evidence to support it, and an exception having been taken, an error of law is presented which demands a reversal of the judgment. A reversal will not be granted when a finding is made without evidence to support it unless it is a material fact, and to some extent, at least, gives support

to the judgment rendered. The defendant insisted upon the rights secured to him by his contract. He had but to demonstrate that the deed tendered failed in a material respect to comply with its terms in order to become entitled to the judgment rendered. It might have availed the plaintiff, could he have shown that the defendant had notice of the restriction and purchased with full knowledge of its existence and effect.

But in the absence of evidence warranting a finding to that effect the defendant was not aided, nor the plaintiff harmed by a contrary finding.

The other facts found by the trial court abundantly sustain its conclusion of law.

The error complained of, therefore, does not justify a reversal of the judgment.

There are no other questions requiring consideration.

The judgment should be affirmed.

All concur, except HAIGHT, J., not voting.

Judgment affirmed.