AMELIA B. CLEMENT, Respondent, *v.* NATHANIEL W. BURTIS
et al., Appellants.

A provision in a deed that the conveyance is " upon the express condition "
that the grantee "his heirs or assigns," shall not " erect, place or permit,
 * * * upon the said premises * * * any building or erection, or
carry on any business which shall or may cause or become a nuisance to
others owning lands or contiguous thereto," does not create a condition
subsequent; it is simply a covenant running with the land.
Such a covenant does not create a defect in the title; it binds the
owner no further than he would be bound by law in the absence of
the covenant.

(Submitted June 16, 1890; decided June 24, 1890.)

APPEAL from order of the General Term of the Supreme
Court in the second judicial department, made May 12, 1890,
which affirmed an order of Special Term requiring purchaser

to complete purchase of premises bid off at sale in pursuance of a judgment of foreclosure rendered herein.

The following is the opinion:

" Edward J. O'Flynn became the purchaser on a foreclosure sale of certain real estate and subsequently refused to complete his purchase on the ground, as stated by him, that ' the title to a portion of said lands is derived through a deed of conveyance, bearing date December 24, 1851, made by Richard L. Crook and his wife to Samuel Baldwin Chapman, and recorded in the Kings County Register's office, in Liber 267 of Conveyances, at page 171, January 9, 1852, and that such lands were conveyed by said deed upon a condition subsequent therein expressed.'

" The *habendum* in the deed from Crook and wife contains the following clause : ' Upon the express condition, nevertheless, that the said party of the second part, his heirs or assigns, shall not at any time or times hereafter erect, place or permit, or suffer to be erected, placed or put or remain in or upon the said premises or any part or parcel thereof any building or erection, or carry on any business which shall or may cause or become a nuisance to others owning lands or contiguous thereto.'

" The claim of the purchaser is that this clause in the deed creates a condition subsequent, and that there is, therefore, such a defect in the title that he should not be compelled to complete his purchase.

" We are of opinion that this clause does not create a condition subsequent, but that it is a covenant running with the land.   It is unnecessary for us now to give our reasons for so holding, as they are found in our recent decisions in the cases of *Avery* v. *N. Y. C. & H. R. R. R. Co.* (106 N. Y. 142) and *Post* v. *Weil* (115 id. 361).   We do not understand that the purchaser makes any complaint of this clause in the deed provided it be simply a covenant running with the land.   In that event it could not be harmful because it would not bind the owner of the land further than he would be bound by the law in the absence of any covenant.

" We are, therefore, of opinion that the order below should be affirmed, with costs."

*H. C. Conrady* for appellants.

*H. C. M. Ingraham* for respondent.

EARL, J., reads for affirmance.
All concur.
Order affirmed.