HARRISON et al. v. PLATT et al.

In re OTTENBERG.

(Supreme Court, Appellate Division, First Department. December 9, 1898.)

1. ADVERSE POSSESSION—ENCROACHMENT.
    Where a building encroaching on adjoining land, the title to which was in persons not under disability, had stood there without objection for 30 years, there is no flaw in the title, justifying a refusal to complete a purchase of the building.
2. SAME—STREETS—TITLE.
    Where a building for 30 years had encroached from one to six inches on the street, which was as wide there as elsewhere, without objection from the city, whose title to the street was acquired by use, the title to the building was a marketable one; especially since Laws 1896, c. 160, provided that, if the exterior wall of a building should extend not more than four inches on a street, it should not be removed.

Appeal from special term, New York county.

Partition by Edwin Oliver Harrison and others against Mary W. Platt and others. On petition by Adolphus Ottenberg to be relieved from a purchase of real estate at the partition sale. There was an order denying the petition, and Ottenberg appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Edward J. McGuire, for appellant.
Francis B. Chedsey, for respondents.

McLAUGHLIN, J. The appellant at a partition sale purchased at public auction certain real estate situate in the city of New York, and agreed to pay therefor $25,100. At the time of the sale, he paid to apply upon the purchase price $2,510, and signed a memorandum in which he agreed to pay the balance on the delivery of a deed at a time therein specified. At the time fixed for the delivery of the deed, he declined to accept it, and refused to pay the balance of the purchase money, upon the ground that the title to a portion of the property was defective; and he then demanded a return of the money theretofore paid by him, and, the demand having been refused, he applied to the court. The court denied his application, and he has appealed. His claim is (1) that the northerly wall of the building standing upon the lot purchased encroaches upon adjoining land for a space varying in width from one to four inches; and (2) that the easterly wall of the building encroaches upon Goerck street for a space of six inches. These are the only objections made, and there is no merit in either of them.

As to the first objection, proof was presented upon the motion which conclusively established that the northerly wall of the building referred to had been standing for over 30 years just where it was on the day of the sale, and that during all that time the title to the adjoining land had been in persons of legal age, and competent to enforce their legal rights. The affidavit of the present owner of the adjoining land was produced, and it was to the effect that she and her immediate predecessor in interest had had title to and possession of the adjoining land for over 30 years, during which time neither she nor her predecessor in interest "have ever had or claimed any possession, right, title, or interest in the premises" in question. It was thus made to appear that the line between the two lots had been actually established and located by the respective owners for over 30 years. Where a division line has been thus established, and its location acquiesced in by persons of full age, having the ability to enforce their legal rights, for such a length of time, it cannot thereafter be questioned. A reasonable or prudent man, under such circumstances, would not hesitate to take title on that account.

As to the second objection, it is equally apparent that it does not constitute a valid objection to the title. From the affidavits of the various surveyors, it appeared that the maximum encroachment on Goerck street was variously estimated to be from one-half an inch to six inches. But there was no proof that the city of New York ever had any title to the land in Goerck street other than that acquired by long-continued use; and there is absolutely no proof that the land alleged to be encroached upon was ever used by the public as a part of the street. On the contrary, it did appear that for at least 30 years immediately preceding the sale such land had not been used for that purpose, but during that time it had been in the possession of the parties to the action and their predecessors in interest. It also appeared that Goerck street, as used by the public, was as wide opposite the building in question as at other points, and that this building had been standing in its present position for upward of 30 years, during which time no claim had been made by the municipal authorities that it encroached upon the street. This alleged encroachment is, at most, so slight as to come within the provisions of chapter 610 of the Laws of 1896, which became a law on the 13th of May of that year. This act provides that, "if the front or other exterior wall of any building now standing in said city [of New York] shall extend not more than four inches upon any street, avenue or public place," such wall shall not be removed unless an action or proceeding for that purpose shall be instituted by or in behalf of the mayor, etc., of the city of New York, within the period of one year from the passage of the act. Under this statute, it is clear that the city could not remove the wall while it remains in its present position. Merges v. Ringler (recently decided by this court, but not yet officially reported) 54 N. Y. Supp. 280.

We think the title was a marketable one, and therefore the order appealed from should be affirmed, with $10 costs and disbursements. All concur.