DIETERLEN v. MILLER.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. COVENANTS—COVENANTS RUNNING WITH LAND—CARRYING ON OFFENSIVE
   TRADE OR BUSINESS—INCUMBRANCE.
      A covenant in a deed that the grantee will not carry or permit to be
   carried on the premises conveyed any noxious, offensive, or dangerous trade
   or business, runs with the land and is restrictive, and constitutes an in-
   cumbrance thereon.
      [Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Covenants, §§
   67–69.]

2. VENDOR AND PURCHASER—INCUMBRANCE—WHAT CONSTITUTES.
      A restrictive covenant in a deed, preventing the use of the land conveyed
   for any lawful purpose, is an incumbrance.
      [Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Pur-
   chaser, §§ 252, 258.]

Action by Theodore Dieterlen against Sarah Cordelia Miller. Sub-
mission of controversy on agreed statement of facts, pursuant to pro-
visions of Code Civ. Proc. § 1279. Judgment for plaintiff.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRA-
HAM, CLARKE, and HOUGHTON, JJ.

E. L. Barnard, for plaintiff.
John J. Brady, for defendant.

CLARKE, J. The defendant is the owner of certain premises in the
borough of the Bronx, situated on the southeast corner of Travers street
and Decatur avenue. She entered into an agreement with the plaintiff
in writing whereby said defendant agreed to sell, and the said plaintiff
agreed to purchase, said premises upon certain terms therein set forth.
The defendant agreed to execute, acknowledge, and deliver to the said
plaintiff a full covenant warranty deed. Neither party claims any de-
fault, except that the plaintiff claims that the defendant cannot give
a title free from incumbrances by reason of the following fact: The
premises in question, in or about the year 1891, were a part of a large
tract of land owned by the Twenty-Fourth Ward Real Estate Asso-
ciation, which subdivided the tract into lots, in which subdivision the
premises in question comprised three separate contiguous lots. The
said real estate association, as such owner, in that year conveyed the
premises in question by two separate deeds to parties who are the pred-
ecessors in title to the defendant. Each of said deeds of conveyance
of said three lots and the deeds of the remainder of said tract contained
the following covenant:

"And the said party of the second part, for himself, his heirs, executors,
administrators, and assigns, does hereby covenant to and with said party of
the first part, its successors and assigns, that he or they will not carry on or
permit to be carried on upon said premises any noxious, offensive, or dangerous
trade or business."

Subsequently to said conveyance the premises in question were con-
veyed to different mesne grantees, and finally were conveyed to the

defendant. Each and all of said mesne deeds and the deed whereby defendant took title contained similar covenants to the said covenants in the deeds from said real estate association, or by reference conveyed subject to them.

Plaintiff claims that the aforesaid covenant is an existing and continuing incumbrance on the said premises, and that by reason thereof the defendant is not able to give a full covenant warranty deed conveying said premises free from incumbrances, in compliance with the terms of the said contract.

The defendant claims that this restriction is in reality simply a covenant against nuisances, and nothing more, and does not bind the owner of the land any further than he would be bound by law in the absence of any covenant, and that therefore it does not create an incumbrance, and that the title is marketable. The cases cited by the defendant do not sustain this proposition. Campbell v. Seaman, 63 N. Y. 577, 20 Am. Rep. 567, was an action to recover damages resulting from an alleged nuisance, and to restrain the continuation thereof. No question of a covenant was involved. The case, therefore, is simply an authority to the effect that the maintenance of a nuisance gives a cause of action to one damaged thereby.

In Clement v. Burtis, 121 N. Y. 708, 24 N. E. 1013, the court had under consideration the following clause in a deed:

"Upon the express conditions, nevertheless, that the party of the second part shall not at any time hereafter erect, place, or permit, or suffer to be erected, placed, or put in or upon said premises, any building or erection, or carry on any business which shall or may cause or become a nuisance to others owning the lands contiguous thereto."

The court held that this was a covenant running with the land, and that it could not be harmful, "because it would not bind the owner of the land further than he would be bound by the law in the absence of any covenant." It will be seen that this was an express covenant against nuisances, and therefore does not seem to control the broader covenant in the case at bar. A specific covenant against nuisances covers only such things as are nuisances, and many trades or kinds of business may be offensive without being nuisances.

In Ray v. Adams, 44 App. Div. 173, 60 N. Y. Supp. 663, there was an appeal from an order granting a motion made by a purchaser, relieving him from a purchase of premises at a foreclosure sale. The covenant was that the owner of the premises would not erect or carry on, or permit or suffer to be made, erected, or carried on, upon the premises, or any part thereof, any livery stable, shanty, slaughter house, tallow chandler, bone boiling, smith shop, forge, furnace, brass foundry, steel or other iron foundries, nor any manufactory for the making of glue, gas, varnish, vitriol, ink, or turpentine, or for the tanning, dressing, repairing, or keeping of skins, hides, or leather, or for the storage of fat or petroleum, or any distillery or brewery. The court said

"That these restrictions constituted an incumbrance upon the premises cannot be denied. Wetmore v. Bruce, 118 N. Y. 319, 23 N. E. 303; Forster v. Scott, 136 N. Y. 582, 32 N. E. 976, 18 L. R. A. 543; Kountze v. Helmuth, 67 Hun, 348, 22 N. Y. Supp. 204; Id., 140 N. Y. 432, 35 N. E. 656."

In the case of Forster v. Scott, supra, it was said:

"An incumbrance is said to import every right to or interest in the land which may subsist in another, to the diminution of the value of land, but consistent with the power to pass the fee by a conveyance."

And in Wetmore v. Bruce, supra, it was said:

"Any right in another to use the land, or whereby the use by the owner is restricted, is an incumbrance, within the legal meaning of the term."

It seems to me that the disposition of this case is controlled by Rowland v. Miller, 139 N. Y. 93, 34 N. E. 765, 22 L. R. A. 182. In that case contiguous lots were owned by the plaintiff and the defendant, subject to a restrictive covenant that provided:

"That no livery or other stable shall be erected on lots fronting on Madison avenue, and that there shall not be allowed or erected on any part of said lots of land any tenement house, brewery, or lager beer saloon, tavern, slaughter house, butcher's or smith's shop, forge, furnace, steam engine, foundry, carpenter's or carriage or car shop, manufactory of metals, gunpowder, glue, varnish, vitriol, turpentine, ink, or matches, or any distillery, or any establishment for dressing hides, skins, or leather, or any museum, theater, circus, menagerie, nor shall any other buildings be erected or trade or business carried on upon said lots which shall be injurious or offensive to the neighboring inhabitants."

A company whose business was that of undertakers leased the defendant's premises, fitted up a room with special reference to, and for the special purpose of, holding autopsies upon, and for the dissection and other post-mortem examinations of dead human bodies, and for receiving and storing the same, and for the business of having funerals therefrom. The action was to restrain such use. The Court of Appeals, in affirming the injunction granted, held (Judge Earl writing the opinion):

"The main contention of the parties is over the meaning and force of the restriction agreement. The claim of appellant that it simply restrains nuisances cannot be sustained. * * * If the agreement was intended simply to restrain any trade or business which was per se a nuisance, or which was carried on in such a way as to make it a nuisance, then it was wholly unnecessary. The law will always, upon the application of the party aggrieved, restrain and abate a private nuisance. This case is not governed by the general law as to nuisances, but by the force and effect of the covenants contained in the agreement. * * * The business carried on by the Taylor Company is not among those kinds particularly specified in the agreement, but the claim of the plaintiff is that it is prohibited by the general clause in the agreement as 'injurious or offensive to the neighboring inhabitants.' This clause enlarges the scope of the agreement. It is a too narrow construction to hold that it prohibits only trades or kinds of business which are nuisances per se for reasons already given, and for the further reason that nearly, if not quite all, the trades and businesses specially named are not such nuisances. Any kind of business may become a nuisance by the manner in which it is carried on, or from its location, and a business may be offensive to neighboring inhabitants, and yet fall far short of being a legal nuisance, which a court of equity will abate as such. * * * They undoubtedly had in mind ordinary normal people, and meant to prohibit trades and business which would be offensive to people generally, and would thus render the neighborhood to such people undesirable as a place of residence."

Inasmuch as no specified trade or business is included in the covenant in the case at bar as objectionable, it cannot be held that it was the intention of the parties to prohibit only a certain class of trades or busi-

ness. Therefore, it would seem that this land could not be used for a very large number of kinds of trades, none of which, as pointed out in the Rowland Case, supra, would be nuisances, either per se or in the manner of their operation. Against such business, upon complaint of the owner of the neighboring property included within the tract covered by this restrictive covenant, upon sufficient evidence an injunction would issue. It seems to me, therefore, that this covenant runs with the land, and is restrictive, and that, as the contract was to give a warranty deed with full covenants, the defendant cannot perform, for a restrictive covenant which prevents the use of the land for any lawful purpose is certainly an incumbrance.

Plaintiff, therefore, should have judgment for the thousand dollars ($1,000) paid by him on account of the purchase money, together with interest thereon from the 10th day of October, 1905, and also for the sum of $20 for his counsel fee and disbursements, and should have an equitable lien upon the said premises for the said sum, without costs, as stipulated. All concur.