Scott, J. (dissenting):
This is an appeal by the parties to a partition action from an order of the Special Term denying plaintiff’s motion to compel Rudolph L. Blumenthal to complete his purchase of certain premises sold to him at a referee’s sale in partition. The terms of sale provided that the premises would be sold subject to a specified mortgage, and also subject to existing tenancies and to such a state of facts as an accurate survey may'disclose. The purchaser’s refusal to complete the sale is based upon the fact that the premises are subject to an existing restrictive covenant, of the character commonly known in this city as a covenant against nuisances, which forbids the use of the property for certain designated trades and occupations, or for. “ any other manufacturing trade, business or calling whatsoever which may be in any wise dangerous, noxious or offensive to the neighboring inhabitants.” This covenant was embodied ’in a conveyance made in the year 1836. That this covenant, which, as it is said, runs with the land, constitutes what is known as an incumbrance upon the property, cannot be doubted. (Wetmore v. Bruce, 118 N. Y. 319; Forster v. Scott, 136 id. 582 ; Dieterlin v. Miller, 114 App. Div. 40.) The purchaser insists that this fact alone entitles him to be relieved of his bid. He read upon the motion carefully prepared and very full affidavits by himself and a real estate agent employed by him showing that he was ignorant of the existence of the covenant when he made his purchase, and that someone who had agreed to purchase the property from him at a profitable advance for the' purpose of erecting a livery stable had refused to take the property fearing that the covenant would stand in the way of applying the property to the particular use intended. The significant and, as I think, controlling circumstance, however, is that notwithstanding the evident care with which these, affidavits are drawn, there is no statement to be found anywhere to the effect that the existence of the covenant impairs in any way the value of the property, or that it is less valuable with the restriction Upon it than it would be if no such covenant were in existence. What a purchaser at a judicial sale is entitled to receive is well settled. It is a marketable title, free from all reasonable doubt. Slight or immaterial burdens upon the property which are not shown to' have an appreciable effect upon the value of the *297 property sold will not relieve such a purchaser from his bid. (Merges v. Ringler, 34 App. Div. 415 ; Harrison v. Platt, 35 id. 533.) It is apparent that a piece of property may be wholly unmarketable, as is the case where there is an absolute defect in the title, or that it may be only qualifiedly unmarketable, as is the case where its use is so res trie ted/that some persons may be unwilling to buy it because it cannot be put to a particular use. Such is the case presented here. A covenant against nuisances cannot be said to wholly destroy the marketability of a lot of land in this city, for every lawyer knows that such covenants are very common, and that many, conveyances of property. affected by similar covenants are made every year. In this case of a qualifiedly unmarketable title the question whether a purchaser at a judicial sale will be relieved from his bid depends upon whether or not the existence of the covenant injuriously affects the value of the property. This precise question arose and was passed upon in Riggs v. Pursell (66 N. Y. 193) In that case a mortgage upon a lease was foreclosed and the purchaser refused to take title for the reason, among others, that a deed in the chain of title, long antedating the lease, had imposed upon the property a covenant against nuisances similar to the one in the present case, and also a courtyard or set-back restriction which prevented the utilization of the whole lot for building purposes. After stating that a purchaser upon a judicial sale will not be relieved on account of defects in the property or the title thereto unless it appears that he will be injured by the enforcement of the contract, the court, referring to the fact that there is an absence of proof or allegation that the existence of the covenants had diminished the value of the premises, points out that the covenant was created not to impose a burden upon the lot, but to enhance the value of it and all the lots affected by the covenant, and finally held that the purchaser’s objections on this score must be overruled because there was no proof that the restrictions in any way diminished the value of the premises and the covenant was, therefore, an immaterial defect in the title which the oourt. should disregard. "We have been referred to no case, and have been able to find none, in which the rule thus laid down has been questioned or overruled where, as in the present case, there has been an entire absence of proof or allegation that the existence of the restrictive covenant depreciated or lessened the value of the *298 property. The rule was in nowise questioned, but rather recognized and reaffirmed, upon a second appeal in the same case (74 N. Y. 370), although the .purchaser was there' relieved of' his bid because it was made clearly to appear that the restriction did injuriously affect the value of the property.
It is quite true that there, are to be found cases in which the authority of Riggs v. Pursell has been unsuccessfully invoked, but in every such case it will be found upon examination either that the defect complained of has been an actual defect in the title, or it has-been made to appear that the existence of the restrictive covenant actually impaired the value of the property, or the question has arisen under a contract of sale where the vendor has-.covenanted to make conveyance free from incumbrances. The distinction between a question arising under such a contract and o,ne arising upon a judicial sale is indicated in Wetmore v. Bruce (118 N. Y. 319). In the present case there- is no evidence nor presumption that the covenant unfavorably affects the value of the property. If any presumption is to be indulged in, it should be the' other way. (Riggs v. Pursell, supra) It appears that one man who,desired to build a stable would 'not purchase because lie feared that the covenant might prevent the use of the land. This is certainly no evidence that the property may not, because a stable cannot be erected on this lot and others affected by the same . covenant,' be even more valuable for purposes not within the restriction than it would be if no restriction existed. That there is other property in the immediate vicinity affected by the same covenant we must, assume, for otherwise there could be no one to enforce the covenant and it would constitute no incumbrance. As I read the authorities the law applicable to the state of facts shown in the present case was settled by the Court of Appeals years ago, and-has remained unquestioned ever since. I do not conceive that it is our duty to state and apply a contrary rule.
The order appealed from should be reversed and the motion granted.
Order affirmed, with ten dollars costs and disbursements.