(123 App. Div. 201.)

### SIMMONS v. CRISFIELD.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1908.)

1. DEEDS—COVENANTS—EXECUTOR'S DEED—VALIDITY OF COVENANTS.
   Where two city lots were devised to particular persons, and the executor, who was not a trustee of the property, sold the lots under a naked power of sale, the executor and the purchaser of one of the lots were entitled to bind both lots by restrictive building covenants, which passed as appurtenant to the premises and were enforceable in equity.

2. SAME—OBJECTIONS BY DEVISEES.
   Where certain city lots were conveyed by an executor under power of sale subject to restrictive building covenants, devisees of the lots having no interest therein could not object to the validity of such covenants.

3. SAME—PERSONS BOUND.
   Two adjoining city lots having been devised with a naked power of sale in the executor, he conveyed one of the lots by a deed containing a covenant that the grantee should not erect a building on the lot nearer than 20 feet from the street, and that no building should be erected on the adjoining lot nearer than the same distance from the street line. This deed was recorded, and two months thereafter the executor sold the adjoining lot by a deed containing no restrictive covenants to defendant, who had both actual and constructive knowledge of the covenants in the prior deed. *Held*, that defendant in equity would be considered to have voluntarily become a party to such covenants, and to have taken his title subject thereto.

Appeal from Special Term, Monroe County.

Action by James S. Simmons against Francis I. Crisfield. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed, with leave to plead over.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

William O. Campbell, for appellant.

McGuire & Wood, for respondent.

WILLIAMS, J. The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to plead over on payment of costs of the demurrer and of this appeal.

The action was brought to restrain the defendant from erecting any building on a city lot nearer than 20 feet to the street. In February, 1897, Julia H. Hurd died seised of two adjoining lots, Nos. 21 and 22, on the east side of Colvin street, Rochester, N. Y., each

40 feet front and 150 feet deep. She left a will, in which, among other things, she in effect gave these two lots to certain devisees named, .appointed executors, and authorized and empowered such executors .and the survivors of them to sell and convey any real estate which she owned at the time of her decease. One of the executors only qualified and served. In April, 1907, the said executor sold and conveyed to the plaintiff lot 22, and inserted the following covenants in the deed, viz.:

"The party of the second part, for himself, his heirs and assigns covenants and agrees with the party of the first part, his successors and assigns, that the front wall of any building erected· on the premises hereby conveyed, ·shall stand back at least 20 feet from the east line of Colvin street: and the party of the first part, as such executor as aforesaid, covenants and agrees with the party of the second part, his heirs and assigns, that on the lot ad-.joining the above described premises to the south thereof, to wit, lot 21, * * * the front wall of any building erected thereon shall stand back, at least 20 feet from the east line of Colvin street."

This deed was recorded two days after it was given. In June, 1907, the said executor sold and conveyed to the defendant lot 21, making no reference to the covenants in the former deed of lot 22. When the defendant took his deed, he knew of the former conveyance to the plaintiff and of the covenants therein contained. The defendant immediately after taking his conveyance commenced the erection of a dwelling house and store on his lot, the front wall to be upon the easterly margin of the·street, and not 20 feet therefrom, in violation of the covenants contained in plaintiff's conveyance of his lot, and refused, on request of plaintiff, to comply with such covenants. Thereupon the plaintiff commenced this action.

There is no equity here in favor of defendant. He took his deed, not only with the notice that the recording of the former deed gave him, but, as alleged in the complaint, and admitted by the demurrer, with actual knowledge of the covenants in plaintiff's deed, and he seeks now to deprive the plaintiff of the benefit of the covenants in his deed, which were valuable to him, and for which he may be assumed to have paid a consideration. The plaintiff's property would certainly be more valuable if buildings on the defendant's property were erected 20 feet back from the street than if they were located on the margin of the street. The defendant bought and took a deed of his lot with his eyes wide open, and with the chances of succeeding upon the bare, naked proposition that the executor had no power to make the covenant in the plaintiff's deed, that it was void, and could have no effect upon defendant's interest in his lot, or his right to erect buildings wherever he liked thereon. The executor was not a trustee under the will of the deceased, and was not vested with the title to these two lots. He had a bare, naked power of sale. The title was ·in the devisees under the will. The executor had power to sell and did sell and convey both lots. It was sought to bind the purchasers of both lots and their successors and assigns by restrictive covenants as to the erection of buildings for the benefit of both purchasers. The covenants were mutual and reciprocal, and were, therefore, enforceable, if entered into by parties competent to make the same. Eq. .L. A. So. v. Brennan, 148 N. Y. 661, 43 N. E. 173, and the cases

therein referred to. The right to the enjoyment of such covenants passes as appurtenant to the premises, and will be enforced in courts of equity. Wetmar v. Bruce, 118 N. Y. 319–322, 23 N. E. 303, and cases therein referred to. No objection could be made by the devisees under the will after the giving of both deeds ·to the deeds or the covenants therein contained. They had thereafter no interest to object. The two deeds together transferred the whole title to both lots, and the deeds were valid even if the covenants were ineffectual. The whole controversy is between the two grantees under the deeds. The defendant by accepting his deed with knowledge actual, as well as by the record, of the covenants in plaintiff's deed, took only such title as remained in the executor after giving plaintiff's deed. He should be said in equity at least to have voluntarily become a party to the covenants in plaintiff's deed, and to have taken his title subject thereto. We see no reason why he should be permitted, under the circumstances, to question the validity and binding effect upon him of these covenants.

We think, therefore, that the plaintiff is entitled to the relief asked for in his complaint.

Interlocutory judgment reversed, with costs, with leave to plead over upon payment of the costs of the demurrer and of this appeal. All concur.