C. WATSON SCOTT *vs.* FRANK B. SMITH *et al.*

DECEMBER 17, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1) *Appeal and Error. Equity. Stating Reasons of Appeal.*

On an appeal in equity on the ground that the decree is against the law and the evidence, detailed objections to the findings of fact or to the application of law made thereupon in the reasons of appeal are not required under our practice, but a general allegation that the decree is against the evidence or the law is sufficient to secure a review of the weight of evidence or of the law of the cause.

(2) *Specific Performance. Real Property. Restrictions.*

Restrictions on real estate, preventing the placing of buildings within a certain distance from the street line, while they may be beneficial to the owners of other lots on a plat, are also substantial limitations and encumbrances on the property right in a particular lot as the building space is thereby materially reduced.

*(3)  Specific Performance.  Restrictions.*

The inclusion of one encumbrance in an agreement for purchase supports the conclusion that other encumbrances were not a part of the agreement.

*(4)  Specific Performance.  Restrictions.*

Where complainant agreed to give respondent a warranty deed of property conveying good title subject to a mortgage, and respondent had no knowledge of restrictions which were substantial encumbrances on the property right in the premises, complainant is not entitled to specific performance of the agreement.

BILL IN EQUITY FOR SPECIFIC PERFORMANCE. Heard on appeal of respondents and appeal sustained.

STEARNS, J.  Bill in equity for the specific performance of a contract to purchase real estate.

The cause is in this court on respondents' appeal from a final decree for the reasons alleged, that the decree is against the law and the evidence.

Complainant is the owner of lot No. 11 on the Overbrook Plat on record in the land records of Warwick.  A former owner divided and platted a tract of land including this lot into thirty-five lots and sold the lots with various restrictions to different buyers.  Lot 11 is on the corner of . Maywood and Overbrook avenues in Conimicut and has a frontage on each avenue of 100 feet.  The adjacent land south of this lot is on another plat and, so far as appears, is unrestricted.  Lot 11 is subject to these restrictions: that no barn or poultry house can be placed nearer than 40 feet from either street line, and no dwelling costing less than $1,200., or any other building or dwelling, can be placed nearer than 15 feet from either street line; the premises shall never be used for any immoral purpose commonly considered a nuisance or for the manufacture, sale or giving away intoxicating liquors.  The various restrictions on the lots were made by the original vendor for the mutual benefit of all owners of the platted land, with the right in each owner to enforce any restriction on any lot.  By written agreement made September 28, 1925, complainant agreed to sell and respondents, who are husband and wife, to buy lot 11 with the house thereon for $6,800., $100. to be paid

on the signing of the agreement, the remainder of the purchase price to be paid in installments, the buyers to assume an existing mortgage on the property of $1,800. and upon the payment of the final installments complainant agreed to give a warranty deed to the respondents as tenants in common conveying good title subject to said mortgage, and to deliver to respondents all shades and linoleum and the electric range in the house. Taxes payable in October, 1925, were to be paid by the respondents and interest on the mortgage was to be apportioned as of the date of the delivery of the deed. October 16, 1925, by letter to complainant, the attorney of respondents stated that upon examination of the title it appeared that lot 11 was subject to restrictions, which made it impossible for complainant to convey subject only to the mortgage of $1,800. and respondents refused to accept title subject to the restrictions.

In the amended bill it is alleged that on more than one occasion when complainant was endeavoring to induce the respondent Lillian Smith to buy the premises complainant assured her that his lot and the land in the immediate vicinity were "well restricted" and that when the expression "good title" was used in the written agreement it was mutually understood the complainant would convey a fee simple, subject to certain building restrictions of record.

The cause was heard on bill, answer, replication and issues of fact. At the conclusion of the hearing the trial justice gave an oral decision for complainant. The final decree orders complainant to convey the premises to respondents as tenants in common by a good and sufficient warranty deed with the usual covenants, subject to a mortgage of $1,800. and to the restrictions of record, and the respondents to make certain fixed payments therefor.

The justice found as facts that respondents were informed by complainant of the restrictions; that they were beneficial to the lot and hence were not encumbrances.

(1) Complainant claims that the findings of fact can not now be questioned by respondents because in the reasons of appeal the findings are not specifically set forth and

objection taken to each. In support of this contention a statement in one of the two opinions in *Binney* v. *R. I. Hospital Trust Co.*, 43 R. I. 222, is relied upon. But in the *Binney* case, despite the statement referred to, this court did in fact review the findings of fact on a general allegation in the appeal that the decree was against the evidence. The findings of fact are the basis of the decree and, if relevant and material, are necessary to support it. Detailed objections to the findings of fact or to the application of law made thereupon in the reasons of appeal are not required under our practice. A general allegation that said decree is against the evidence or the law is sufficient to secure a review of the weight of evidence or of the law of the cause. *Vaill* v. *McPhail*, 34 R. I. 361.

Both respondents deny that they were informed of the restrictions. Mrs. Smith testified that when she went to look at the land she asked if there were encumbrances on the property and was told by complainant that there was a small encumbrance, a first mortgage for $1,800. Complainant's testimony on this issue is as follows: "I said to Mr. amd Mrs. Smith, this property and surrounding property are restricted so that you can't build hen houses or shacks near the street line, nor can they run bootlegging places around here." "These were the restrictions that I remembered in the deed." "Mrs. Smith then said: 'By the way, is this house 15 feet from the street line?' I said: 'I don't know, I never measured it.' I started to pace it off and I said, 'No, you don't count from the piazza, you count from the sills of the house,' and she said: 'I guess it is 15 feet all right'." The written agreement was later prepared by complainant's attorney who, with complainant, went to the home of respondents where it was signed by both parties.

The evidence does not sustain the findings of fact. Mrs. Smith's question in regard to the distance of the house from the street line raises a suspicion that she may have had knowledge from some source that the land was restricted

but such a suspicion does not sustain the finding of fact that she knew of the particular restrictions on this lot. Complainant says he told respondents what the restrictions were as he remembered them. One of complainant's witnesses testified that in his opinion the restrictions were a benefit to lot 11 and all other lots on the plat. It was on this evidence the trial justice found that the restrictions were not encumbrances. We think this finding of fact is erroneous. Doubtless the restrictions on lot 11 were beneficial to the owners of the other lots but they were also substantial limitations and encumbrances on the property right in lot 11, as the building space was thereby materially reduced. This corner lot unrestricted, with the land on three of the four adjacent areas restricted, obviously was more valuable commercially than it would be if restricted. Parties can make any kind of a contract they wish, if it is not unlawful. If the buyers intended to make a contract to purchase subject only to the mortgage, the written agreement under consideration was sufficient. The requirements of good title and a warranty deed were provisions for the protection of the buyers.

The mortgage, one encumbrance of record, was incorporated in the agreement. The inclusion of this encumbrance only in the agreement supports the conclusion that (3) other encumbrances were not a part of the agreement. To compel the buyers to assume such other encumbrances of record not mentioned in the contract is a departure from the general rule of law applicable to contracts which have been reduced to writing. But it is not necessary further to consider this question as, on any view of the evidence, there is no proof that the buyers agreed to accept a conveyance subject to all of the encumbrances of record. In some of the cases cited by complainant in support of his claim it has been held that when there is an easement obviously and notoriously affecting the physical condition of land at the time of its sale the buyer takes the land subject to such right without any express exceptions in the conveyance.

Thus in *Kutz* v. *McCune*, 22 Wisc. 628, in an action for breach of the covenants against encumbrances, when some forty acres of the land were flowed by a mill pond created by a dam on land not belonging to defendant, which had been maintained long enough to give the owner of the dam a prescriptive right of flowage, it was held that the buyer could not recover, the presumption of law being that he bought the land in its actual and obvious physical condition and subject to such rights in favor of the vendor or others as such physical condition indicated, without any exception or reservation in the deed.

In *Egle* v. *Morrison*, 6 Ohio Circuit Court Reports (N. S.), 609, specific performance of a written agreement to buy real estate was decreed to the vendor who had agreed to convey to the vendee a good title with warranty deed. There was a building restriction on the land which was not mentioned in the agreement. The court found that the vendee had full knowledge of this restriction before the contract was signed, that the restriction was a benefit, not a damage to the property and that vendee by signing the contract after he had notice, had waived the right to complain of this restriction. But in *Wetmore* v. *Bruce*, 118 N. Y. 319, it was held that a limitation and restriction of the use for building of 12 feet in depth along the front of a city lot was an encumbrance that was a damage to the property and an injury to its sale value. Specific performance was denied to the vendor on his agreement to sell and convey free and clear of all encumbrances. The authorities are in conflict on the question of the effect of vendee's knowledge of encumbrances prior to the making of a written agreement to buy. In no case, however, so far as we are aware, has specific performance been decreed except upon satisfactory proof that the buyer had full knowledge of all of the encumbrances which were substantial and not trivial. In the cause before us the buyers did not have such knowledge and the vendor is not entitled to specific performance.

The decree appealed from is reversed and the cause is remanded to the Superior Court for further proceedings.

*Comstock and Canning, Andrew P. Quinn,* for complainant. *Martin Royston, Charles H. Eden, Sayles Gorham,* for respondents.