Louis D. Cowen and Isador Becker, Appellants, v. David Epstein, Appellee.

Gen. No. 32,294.

Opinion filed February 27, 1928. Rehearing denied March 12, 1928.

ISADOR BECKER, for appellants; WALTER H. SHURT-
LEFF, of counsel.

JULIAN J. LUSTER, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opin-
ion of the court.

Cowen and Becker were complainants in the trial
court and filed a bill averring that on March 25, 1926,
being seized in fee simple of certain premises, they en-
tered into a contract in writing with defendant Epstein
for the sale of the same; that on April 1, 1926, they de-
livered a good and merchantable abstract of title,
showing good title in fee simple in the premises· in
themselves; that on May 1 they made a demand in
writing on the defendant that he perform, ·which he
failed to do and refused to accept, a good and suffi-
cient warranty deed, whereby the contract became null
and void and the earnest money paid by defendant
forfeited as liquidated damages; that on May 4, 1926,
defendant caused the contract to be recorded, thereby
clouding the title of the complainants. The bill re-
newed the tender of the deed, prayed that the contract
might be declared null and void and removed as a
cloud upon their title and delivered up and canceled,
and that the earnest money might be decreed to be re-
tained by them as liquidated damages; that they might
receive reimbursement for expenses and attorneys'
fees, and have other relief. The written contract, the
opinion of defendant's attorney and the opinion of the
Chicago Title & Trust Company were attached to the
bill as exhibits.

The defendant answered, admitting the contract of
purchase, denying that a good and merchantable ab-

stract of title was delivered, and averring that the title tendered was defective in that it was subject to a condition "that no spirituous or malt liquors shall at any time be sold on said premises," denying that the complainants had a right to forfeit the earnest money. He averred that he was always ready, willing and able to pay the purchase price on presentation of a good and merchantable title as called for by the contract of purchase, claimed a vendee's lien on the property, and denied that the complainants had been willing and able to consummate the sale of the premises in accordance with the terms and conditions of the contract.

Thereafter the defendant filed a cross-bill, reciting the proceedings theretofore had as heretofore described, averring that pursuant to the contract of sale he had paid as part of the purchase price $1,000, averring that he did not purchase the property subject to the restrictions as set forth, and that by reason thereof cross-complainant was in equity possessed of the right of lien on the real estate to secure the $1,000 which had been paid under the contract, together with lawful interest from March 25, 1926.

The cross-bill prayed that cross-complainant might be decreed entitled to a lien for the amount due him; that the same should be paid within a short time, in default of which the premises should be sold.

The complainants answered the cross-bill, admitting the restriction contained in a warranty deed in the chain of title to the effect that no spirituous or malt liquors might be sold on the premises, but denied Epstein contracted to purchase the property free and clear of that condition, and denied that they failed and refused to clear up the title in accordance with the terms of the contract or that cross-complainant was entitled to a lien for the amount of the earnest money paid under the contract or the return of the same. The answer further averred that Epstein failed and refused to perform covenants and agreements con-.

tained in the contract; that they were and at all times had been ready, able and willing to perform on their part, and that they had been damaged by the refusal of Epstein to complete his contract and were in good conscience entitled to retain the earnest money.

The court found that the premises were subject to a condition as follows: "That no spirituous or malt liquors shall at any time be sold on said premises as contained in Warranty Deed from Martin Luther College to Laurentius C. Abrahamson, dated October 11, 1893, and recorded on November 21, 1893, in Book 4351, page 289, as Document No. 1958233"; that the contract was not subject to this condition and that the objection was a good and valid objection; that cross-complainant had paid the sum of $1,000 as earnest money under the contract, but that he was not required to pay the balance or accept the title, and that there was then due to Epstein from the complainants $1,000, for which he was entitled to a lien. It was therefore decreed that cross-complainant should have such lien, and that unless the same was paid within ten days a master in chancery should sell the premises to satisfy the lien. The original bill was dismissed for want of equity.

The sole question in the case is whether the restriction that no spirituous or malt liquors should be at any time sold upon the premises was a valid objection to the title. Complainants contend that it was not and that the court erred in finding it so to be. They claim as applicable to the record the proposition that a condition running with the land does not create a defect in title when it binds the owner no further than he would be bound by the law in the absence of the covenant. *Clement v. Burtis,* 121 N. Y. 708, 24 N. E. 1013; *Bull v. Burton,* 227 N. Y. 101, 124 N. E. 111, are cited.

Complainants also point out that conditions subsequent tending to restrict and defeat an estate are not

favored, being construed strictly against the grantor, and can only be created by apt language which in itself creates such conditions; that such conditions do not work a forfeiture unless clearly expressed in unequivocal language or necessarily implied; that all doubts as to the construction of a restriction must be resolved in favor of the natural rights and against the restriction; that all doubts should be resolved in favor of the free uses thereof for lawful purposes by the owner of the fee; that words will not entail a forfeiture of the estate unless it appears that this was the distinct intention of the grantor and the necessary understanding of the parties to the instrument. Cases are cited to these propositions which, for the purposes of this opinion, we may assume to be entirely correct.

However, this is not a suit to determine whether the condition which here appears has been in fact broken and the estate forfeited by reason thereof. If it were such a suit, it may be conceded that these propositions would be applicable. The question here is whether the vendors offered to the vendee such a title as he was obligated to accept under the contract. The contract contained no provision excepting the condition with reference to the sale of spirituous or malt liquors on the premises, and complainants must be supposed to have been familiar with the condition of their title. There being no exception to this restriction in the contract, the defendant was not obligated to take a title which was doubtful. The vendor in such a case has no right to demand the acceptance of a title which may mean a lawsuit in which he may lose. *Street v. French,* 147 Ill. 342.

May the condition which places a restriction upon this title be disregarded upon the theory that it binds the owner of the title no further than he would be bound by law in the absence of the condition? Appellants cite *Clement v. Burtis, supra,* in which a condition imposed upon a title that the grantee or his heirs

would not carry on any business "which shall or may cause or become a nuisance to others owning lands or contiguous thereto" was held not to create a defect in the title because it bound the owner no further than he would be bound by law in the absence of the covenant.

In *Bull v. Burton, supra,* a similar rule was announced. The complainants here contend that, since by reason of the enactment of the Eighteenth Amendment to the Constitution and by reason of the enactment of the Illinois Prohibition Act (see Cahill's St. ch. 43, ¶ 2, as construed in *People v. Alfano,* 322 Ill. 384; *People v. San Filippo,* 243 Ill. App. 146) the condition which is here placed upon the title does not amount to any restriction other than that which the law of the State and of the Nation imposes, and may therefore be disregarded.

A similar question was passed on in *Isaacs v. Schmuck,* 245 N. Y. 77. In that case the parties entered into a contract for the purchase and sale of real property located in New York. As here, with certain exceptions named in the contract, the title was to be conveyed free of all incumbrances. An examination of the title disclosed that the vendor had acquired the same by a deed which provided that the vendee accept the same with a covenant that neither the vendee nor her heirs or assigns should "at any time hereafter permit or suffer any wine or malt or spirituous liquor to be sold upon the said premises or any part thereof * * *." The plaintiff rejected the title because of this and other restrictions, and suit was entered to recover the earnest money and attorneys' fees. The defendant counterclaimed for reformation of the contract so as to provide for the acceptance of title subject to restrictive covenants and for specific performance of the contract as reformed. The plaintiff had judgment for the amount of his deposit with interest. On appeal the Appellate Division by a divided court

held that the counterclaim stated a case for reformation and reversed the judgment but allowed an appeal. The court states in an opinion by Cardozo, C. J., that there was no cause for reformation. Upon the question as to whether the restriction with reference to the sale of wine or malt or spirituous liquors might be ranked as an incumbrance such as to affect the quality of the title, the court held that by reason of the Eighteenth Amendment and the National Prohibition Act, which forbid the sale of intoxicating liquors for beverage purposes, if the covenant did no more, its existence would not serve to make the title to the land unmarketable, citing *Clement v. Burtis,* 121 N. Y. 708; *Bull v. Burton,* 227 N. Y. 101. The opinion further stated, however, that the covenant did more than that; that under the Constitution and the Act of Congress wine and liquor might still be sold when an appropriate license was obtained; that there might be sales by pharmacists in limited quantities upon the prescription of physicians, or by wholesale dealers to buyers to whom permits had been issued, and that such sales, though lawful under the statute, would violate the restrictions to which the defendant's land had been subjected. Reviewing quite at length the history of the law with reference to the control of the traffic in intoxicating liquors, the court held that it was impossible to say that the covenant would be anything less than an incumbrance and that it would be the same in effect as the prohibition of any other single business such as a restaurant or a bakery; that the buyer having bargained for complete dominion, the court might not require her to be satisfied with less.

This case cannot, we think, be distinguished on the facts from the case there decided. Neither the law of the United States nor the law of the State makes all sales of spirituous or malt liquors illegal. Either may be sold for lawful purposes and under conditions such as are prescribed by law. On the other hand, it may

reasonably be contended that this restriction upon the title prohibits the selling of either spirituous or malt liquors at any time upon the premises, whether for lawful or unlawful purposes.

We conclude that the title tendered was not such as was required by the terms and conditions of the contract between the parties, and the judgment is therefore affirmed.

*Affirmed.*

O'Connor and McSurely, JJ., concur.